Bettie M. SCHOLL, Detlev Preissler, Audrey Preissler and Jean F. J. Pergola, Appellants,

v.

**DISTRICT OF COLUMBIA,**
Appellee.

No. 18023.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 23, 1964.

Decided Feb. 27, 1964.

Mr. Mark P. Friedlander, Washington, D. C., with whom Messrs. Mark P. Friedlander, Jr., Blaine P. Friedlander and Harry P. Friedlander, Washington, D. C., were on the brief, for appellants.

Mr. John R. Hess, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before WASHINGTON, BURGER and MC-GOWAN, Circuit Judges.

PER CURIAM.

This is an appeal from two separate judgments of the District Court in a land condemnation case. The first appeal challenges the taking of land as being for other than a municipal purpose. The second appeal asserts various errors in rulings on evidence as to the valuation of the land taken.

(1)

The issues arising out of the challenge to the validity of the municipal purpose were decided by the District Court in a judgment described as a "final judgment"

under Fed.R.Civ.P. 54(b) [1] and were the subject of an interlocutory appeal under 28 U.S.C. § 1292(b). This court denied the application for the appeal and in so doing recited, *inter alia*, "it further appearing that the said order [or taking] is a final order * * *." *Scholl v. District of Columbia*, No. 17233, D.C.Cir., Oct. 12, 1962.[2] Appellants moved for reconsideration of the denial of the interlocutory appeal or in the alternative to strike from the order the characterization of the order as a "final order." This was denied December 12, 1962.[3]

■ No appeal from this "final order" of the District Court was taken by appellants.[4] After this sequence of events, they were on notice that this court viewed the District Court order as final.

■ The need for finality at an early stage on the validity of the municipal purpose is obvious. The taking in question was part of a large plan for

1. Fed.R.Civ.P. 54(b) states, *inter alia:* "When more than one claim for relief is presented in an action * * *, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims * * * only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims * * * shall not terminate the action as to any of the claims * * *, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims * * *." The District Court rendered the required determination and direction in denying appellants' motion to vacate the declaration of taking: "the Court hereby determines that there is no just reason for delay and hereby directs the entry of final judgment * * *." See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956).

2. "On consideration of applicants' application for permission to take an interlocu-

tory appeal, of the opposition of respondent the District of Columbia, and it appearing to the court that the order of the District Court of August 8, 1962, does not contain the certification under § 1292 (b) Title 28 U.S.Code, and it further appearing that the said order is a final order, it is "ORDERED by the court that the application is hereby denied."

3. "On consideration of applicants' motion to reconsider application for interlocutory appeal, and to amend order denying same, and of respondents' objections thereto, it is "ORDERED by the court that the motion is hereby denied."

4. Appellants apparently misconceived their rights as to appellate review. Once the District Court had made the requisite determination and direction under Fed.R. Civ.P. 54(b), see note 1 *supra*, appellate review was available only under 28 U.S.C. § 1291 (1958) as an appeal from a final decision; the District Court judgment here was by its terms not of an interlocutory nature and this court made that clear in its order denying the application for allowance of an interlocutory appeal under 28 U.S.C. § 1292 (1958). See note 2, *supra*.

development of an intricate highway and related overpass complex as an important part of the improvement project. Construction and possible revision of plans could not await appellate review of the municipal purpose issue in ordinary course after a jury award on compensation. *Cf. Loughran v. United States,* 115 U.S.App.D.C. 196, 199, 317 F.2d 896, 899 (1963). Indeed, until the jury award after trial on the merits, no one could know whether any party would challenge the award on appeal. The congressional intent to allow the public use to proceed immediately on the taking, under D.C. CODE ANN. § 16–605 (1961), would be defeated if a claimant could sleep on his claim after the entry of a "final order." Apart from this court's conclusion as to the finality of the August order of the District Court, this court's order of October 12, 1962 is res judicata on that point. See note 2, *supra.* Absent a timely appeal from the District Court's final order we are without jurisdiction to consider any challenge to the legality of the taking.

### (2)

■ Appellants claim that the court erred in excluding certain evidence at the trial in which a jury awarded compensation. The only issue before the jury was the fair market value of the land taken. The chief purpose to be served by the rejected evidence was to demonstrate that the highest and best use of the land taken was as part of the site of a motor hotel. However, the record shows that this factor was made known to the jury in various other ways and the fact finders were fully aware that a hotel was contemplated when the taking occurred and was being built on the land at the time they fixed just compensation. The jury's award was within the range of the expert testimony on value and there is no basis for disturbing it.

The appeal from the judgment as to the validity of the taking is dismissed; the judgment as to just compensation is affirmed.

Dismissed in part; affirmed in part.