Leslie E. WILLIAMS, Plaintiff-Appellant,

v.

The BOEING COMPANY; International Association of Machinists and Aerospace Workers, District Lodge No. 751, Defendants-Appellees.

No. 82–3212.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 1982.

Decided July 13, 1982.

Michael J. Heavey, Seattle, Wash., Mark E. Barber, Warren & Kellogg, Renton, Wash., for plaintiff-appellant.

Hugh Hafer, John F. Aslin, Seattle, Wash., Joseph P. Manners, Washington, D. C., for defendants-appellees.

Before ANDERSON, ALARCON and NELSON, Circuit Judges.

PER CURIAM.

On May 17, 1982, we granted appellant's motion for voluntary dismissal of this appeal. We now grant appellant's motion for reinstatement of the appeal and take this opportunity to address a question of appellate jurisdiction that the court has not previously had occasion to decide.

Appellant's motion for voluntary dismissal was premised on the belief that the district court's grant of summary judgment in favor of one defendant entirely and in favor of all defendants on certain claims, entered by a magistrate pursuant to 28 U.S.C. § 636(c), was not appealable because it did not finally resolve all claims against all parties in the action. Through apparent lack of attention to the specific language of the order, appellant did not realize, until after the appeal had been dismissed, that the order directed the entry of judgment in accordance with the provisions of Fed.R. Civ.P. 54(b).

In light of the explicit determination that there was no just reason to delay the entry of judgment and the express direction that judgment be entered, the judgment entered by the district court clerk on March 19, 1982, was appealable under 28 U.S.C. § 1291, and the time for appeal began to run on its entry. Fed.R.App.P. 4(a)(1); *see Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435–36, 76 S.Ct. 895, 899–900, 100 L.Ed. 1297 (1956). Unlike an interlocutory order, which may be appealed either at the time of entry or after final judgment, *see Baldwin v. Redwood City*, 540 F.2d 1360, 1364 (9th Cir. 1976), this judgment was final as to the claims and parties within its scope, and could not be reviewed as part of an appeal from a subsequent judgment as to the remaining claims and parties. *See Scholl v. District of Columbia*, 331 F.2d 1018, 1019–20 (D.C.Cir. 1964); *cf. Page v. Preisser*, 585 F.2d 336, 338–39 (8th Cir. 1978) (appeal from judgment resolving all claims as to all parties calls up for review judgment previously entered in accordance with Fed.R.Civ.P. 54(b) if the earlier certification was erroneous).

Thus, to deny reinstatement of this appeal would be to preclude the possibility of any appellate review. We do not condone the lack of understanding of appellate procedure demonstrated by appellant's counsel, but we see no reason to let counsel's failings in this case work to his client's detriment.

Motion for reinstatement of appeal GRANTED.