36 F.3d 1113
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John H. MACK, Sr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 91-3468.
 United States Court of Appeals, Federal Circuit.
 Aug. 17, 1994.
 
 Before PLAGER, LOURIE, and RADER, Circuit Judges.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 The United States Postal Service objects to this court's order stating that it intended to reinstate John H. Mack, Sr.'s petition for review for the purpose of transferring his case to the United States District Court for the Eastern District of New York.
 
 
 2
 Briefly, Mack was removed from his position by the Postal Service in 1989. Mack appealed to the Merit Systems Protection Board. The Board concluded that Mack had not proven, inter alia, discrimination on the basis of race or reprisal, but that the penalty of removal was too harsh. The Board mitigated the removal to a 45-day suspension. Mack timely petitioned this court for review of the Board's final decision on July 5, 1991.
 
 
 3
 On August 28, 1991, this court granted Mack's motion for voluntary dismissal. Mack had apparently also petitioned the Equal Employment Opportunity Commission to review the Board's decision and filed an action in the United States District Court for the District of Columbia. On September 19, 1991, the EEOC closed Mack's petition because Mack had filed an action in the district court. On October 31, 1991, the District of Columbia district court transferred the action to the United States District Court for the Eastern District of New York.
 
 
 4
 The New York district court dismissed Mack's complaint as untimely, concluding that Mack had not initiated the action in the District of Columbia district court within 30 days of receipt of the Board's decision. On January 13, 1994, the United States Court of Appeals for the Second Circuit affirmed the district court's dismissal. The Second Circuit noted:
 
 
 5
 We note that Mack's petition in the Federal Circuit was filed timely. See 28 [sic, 5] U.S.C. Sec. 7703(b)(1). Accordingly, our affirmance in this case is without prejudice to an application by Mack to the Federal Circuit to reopen his case, which was dismissed on his own motion. If the reopening is granted, it would be within that court's authority to transfer the case to the Eastern District of New York if such a transfer were appropriate and in the interests of justice. See 28 U.S.C. Sec. 1631.
 
 
 6
 Following the Second Circuit's decision, Mack sought to have his case in this court reinstated and transferred to the New York district court. We stated our intention "absent objection" to reinstate and to transfer. The Postal Service now objects.
 
 
 7
 The Postal Service argues that because Mack voluntarily dismissed his petition for review it may not be reinstated unless the reinstatement is itself within the statutory time to petition. The Postal Service relies on Seventh Circuit precedent to that effect. See Barrow v. Flack, 977 F.2d 1100 (7th Cir.1992). However, the Seventh Circuit practice is not universal. The Ninth Circuit in Williams v. Boeing Co., 681 F.2d 615, 616 (9th Cir.1982) reinstated an appeal after a voluntary dismissal stating:*
 
 
 8
 to deny reinstatement of this appeal would be to preclude the possibility of any appellate review. We do not condone the lack of understanding of appellate procedure demonstrated by appellant's counsel, but we see no reason to let counsel's failings in this case work to his client's detriment.
 
 
 9
 We note that both cases involved counsel while our case involves a pro se litigant. Further, we can, at least, infer that the Second Circuit allows reinstatement of appeals after voluntary dismissals because the Second Circuit advised Mack in this case to pursue that course with this court. In any event, the Postal Service does not suggest that this court lacks the power to reinstate dismissed appeals in all instances. In this case, we choose to reinstate and transfer so that Mack may have his case considered on the merits.
 
 
 10
 Accordingly,
 
 IT IS ORDERED THAT:
 
 11
 (1) This court's July 31, 1991 dismissal order is vacated, the mandate is recalled, and Mack's petition is reinstated.
 
 
 12
 (2) The case is transferred to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. Sec. 1631.
 
 
 
 *
 The Postal Service's argument that Williams is "inconsistent" with later Ninth Circuit precedent because a subsequent unreported decision decides the issue differently is without merit