102 F.3d 425
 36 Fed.R.Serv.3d 934, 96 Cal. Daily Op. Serv. 8928,
96 Daily Journal D.A.R. 14,965
 ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Plaintiff-Appellee,
v.
CALIFORNIA STATE BOARD OF EQUALIZATION, Defendant-Appellant,
And
Contra Costa County; Fresno County; Kern County; Kings
County; Los Angeles County; Madera County; Alameda
County; Merced County; Tulare County; Orange County;
Riverside County; San Bernardino County; San Diego County;
San Francisco City and County; San Joaquin County;
Stanislaus County, Defendants.
 No. 95-15999.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 11, 1996.
Decided Dec. 11, 1996.
 
 Marguerite C. Stricklin, Deputy Attorney General, San Francisco, CA, for defendant-appellant.
 Paul J. Mooney, Phoenix, AZ, for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of California, D. Lowell Jensen, District Judge, Presiding. D.C. No. CV 89-4030-DLJ.
 Before GOODWIN, WALLACE and RYMER, Circuit Judges.
 GOODWIN, Circuit Judge.
 
 
 1
 The State Board of Equalization of California (the "SBE") appeals a judgment enjoining the SBE from collecting taxes on certain Non-Unitary Railroad Property Eligible for 4-R Act Relief ("NURPEFAR") of the Atchison, Topeka & Santa Fe Railway Company ("Santa Fe"). The SBE also appeals the district court's order to refund monies already paid by Santa Fe on this property. We dismiss for lack of jurisdiction.
 
 I. Background
 
 2
 Santa Fe challenged the assessment and collection of ad valorem taxes against its property pursuant to sections 306(l )(a) and (d) of the Railroad Revitalization and Regulatory Reform Act of 1976. Pub.L.No. 94-210, 90 Stat. 31, 54-55 (1976) (codified as amended at 49 U.S.C. § 11501). The district court held a trial limited to Santa Fe's claims under section 306(l )(d) and entered a partial judgment in Santa Fe's favor on September 14, 1994. Other claims remained to be resolved, but the Judgment Order stated: "In accordance with Rule 54(b), Federal Rules of Civil Procedure, the Court hereby expressly determines that there is no just reason for delay and directs the entry of judgment as set forth herein."
 
 
 3
 The Partial Judgment permanently enjoined the SBE from collecting taxes on Santa Fe's NURPEFAR for 1992 and ordered the SBE to refund Santa Fe $3,003,098.00.
 
 
 4
 At a status conference held the same day the partial judgment was entered, September 14, 1994, counsel for the SBE informed the district court that the Partial Judgment overstated the amount of the refund. No Rule 60 motion was filed then or later. The court merely directed counsel for both sides to get together and to determine the correct amount. Apparently this unwritten direction was complied with some time early in 1995, and at another status conference, on February 15, 1995, the district court directed the SBE to submit a proposed modified partial judgment. The SBE lodged its proposal with the district court on April 21, 1995, and the district court filed its Modified Partial Judgment on April 24, 1995. No Rule 60 motion, no order correcting the error, and of course, no appeal had been filed challenging the September 14 judgment.
 
 
 5
 The Modified Partial Judgment incorporated the district court's Findings of Fact and Conclusions of Law entered in conjunction with the September 14, 1994 Partial Judgment and differs from the Partial Judgment only in the amount of the refund which was decreased to $856,917.00.
 
 
 6
 The SBE filed its notice of appeal on May 23, 1995, ostensibly appealing the Modified Partial Judgment. On June 16, 1995, Santa Fe filed in this court a motion to dismiss for lack of jurisdiction. The Ninth Circuit Commissioner denied the motion to dismiss the appeal and the matter was presented for decision. See 9th Cir. Gen. Orders § 6.3(e).II. Jurisdiction
 
 
 7
 This court possesses only such jurisdiction as Congress chooses to confer. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, ----, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); Russell v. Law Enforcement Assistance Admin., 637 F.2d 1255, 1257 (9th Cir.1980). Pursuant to 28 U.S.C. § 1291, we have jurisdiction to hear appeals from final judgments. When some claims are severable from others, the trial court may direct the entry of final judgment as to fewer than all claims "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b); see Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797-98 (9th Cir.1991). The original Partial Judgment as to Santa Fe's claims under section 306(l )(d) was entered pursuant to Rule 54(b). Thus, this court would have had jurisdiction over a timely appeal from this judgment. The SBE did not appeal within 30 days of the original Partial Judgment, or at any time until after the district court filed a modified judgment.
 
 III. Notice of Appeal
 
 8
 The filing of a timely notice of appeal is "mandatory and jurisdictional." See Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987) (internal quotations and citations omitted); see also Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 560-61, 54 L.Ed.2d 521 (1978); United States v. Robinson, 361 U.S. 220, 229, 80 S.Ct. 282, 288, 4 L.Ed.2d 259 (1960). In a civil case, the notice of appeal must be filed within thirty days of entry of the judgment or order appealed from. Fed.R.App.P. 4(a)(1). The original Partial Judgment was entered on September 14, 1994, thus making the deadline for appeal October 14, 1994.
 
 
 9
 The SBE could have tolled the deadline to appeal that judgment by filing a motion under Rule 59 or Rule 60 within ten days of entry of the judgment. Fed.R.App.P. 4(a)(4). However, the SBE did not do so.
 
 
 10
 The SBE's reliance on oral comments about the amount of the tax refund at a status conference on September 14, 1994, did not extend the time for appeal. A motion must be made in writing "unless made during a hearing or trial." Fed.R.Civ.P. 7(b). No writing was ever filed with the court, and the "hearing or trial" exception requires that the proceeding be recorded. See Taragan v. Eli Lilly & Co., 838 F.2d 1337, 1340-41 (D.C.Cir.1988); IBM Corp. v. Edelstein, 526 F.2d 37, 47 (2d Cir.1975); Alger v. Hayes, 452 F.2d 841, 843 (8th Cir.1972). The September 14th status conference was not on the record, and thus the SBE made no timely motion to modify, alter, or amend the September judgment, and the time to appeal expired.
 
 
 11
 The SBE's appeal, though styled as an appeal of the Modified Partial Judgment, simply challenges the substance of the September Partial Judgment. The Modified Partial Judgment of April 24, 1995 only reduced the amount of the tax refund, a change clearly favorable to the SBE. A change favorable to the SBE "cannot possibly subject the entire original judgment to a new opportunity" for appeal. Harman v. Harper, 7 F.3d 1455, 1457 (9th Cir.1993), cert. denied, 513 U.S. 814, 115 S.Ct. 68, 130 L.Ed.2d 24 (1994). Nor did the district court's willingness to continue to deal with the matter informally until the corrections were made extend the time to appeal. The original Partial Judgment became final when entered, see Williams v. Boeing Co., 681 F.2d 615, 616 (9th Cir.1982), and only changes that adversely affected the appellant in a material manner would reset the time for appeal. See Harman, 7 F.3d at 1457; American Fed'n of Grain Millers, Local 24 v. Cargill Inc., 15 F.3d 726, 729 (7th Cir.1994). Thus, the SBE filed its notice of appeal beyond the time limits specified in Rule 4. We must therefore dismiss this appeal for lack of jurisdiction.
 
 
 12
 APPEAL DISMISSED.