**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

MARCEL AREVALO, aka Psycho,
        *Defendant-Appellant.*

No. 02-50289

D.C. No.
CR-99-00083-DOC-
06

OPINION

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted March 9, 2005*
Pasadena, California

Filed May 26, 2005

Before: Melvin Brunetti, Barry G. Silverman, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Tallman

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Jerry Sies, Los Angeles, California, for the defendant-appellant.

Robert E. Dugdale, Assistant United States Attorney, Terrorism and Organized Crime Section, Los Angeles, California, for the plaintiff-appellee.

**OPINION**

TALLMAN, Circuit Judge:

Marcel Arevalo again attempts to appeal his sentence and conviction on two counts of conspiracy to distribute a controlled substance, 21 U.S.C. § 846, and one count of RICO conspiracy to distribute narcotics, 18 U.S.C. § 1962(d). He voluntarily dismissed his first appeal almost seven months before seeking to reinstate it. We dismiss for lack of jurisdiction.

I

After a ninety-four day trial, a jury convicted Arevalo on three of the seventeen charged counts, conspiracy and RICO

conspiracy to distribute controlled substances. The jury found Arevalo not guilty on the remaining fourteen counts: one count of violating RICO, 18 U.S.C. § 1962(c), eight counts of violent crimes in aid of racketeering, 18 U.S.C. § 1959(a), and five counts of carrying and using a firearm in connection with a crime of violence or drug trafficking, 18 U.S.C. § 924(c).

Based on Arevalo's criminal history and jury conviction, the Presentence Report calculated a Total Offense Level of 19 and a Criminal History Category of I, and recommended that the district court sentence Arevalo to between thirty and thirty-seven months of imprisonment. At the sentencing hearing, however, the district court made several findings of fact, and increased Arevalo's Total Offense Level from 19 to 46.[1] Additionally, the district court used Arevalo's juvenile delinquency adjudications to increase his Criminal History Category from I to II.

While the sentence applicable under the Sentencing Guidelines was life, the district court sentenced Arevalo on May 29, 2002, to 240 months — a sentence that corresponded with the twenty year maximum available for RICO violations. 18 U.S.C. § 1963(a). Arevalo filed a timely appeal in the district court on June 6, 2002. Fed. R. App. P. 4(b)(1)(A)(i).

On December 12, 2003, Arevalo moved to voluntarily dismiss his appeal, stating in his supporting papers that:

> I, . . . having been advised of my right to appeal from the judgment of conviction and sentence . . . and having discussed the matter with my attorney, do not

---

[1]Specifically, the district court found beyond a reasonable doubt that Arevalo had been involved in the murders of Richard Serrano, Jose Martin Gutierrez, and Enrique Delgadillo, the conspiracy to murder Jesse Detevis, extortion, and drug distribution. The district court also found by a preponderance of the evidence that Arevalo conspired to distribute one-quarter kilogram of cocaine base.

desire to pursue my appeal of the said conviction and sentence and hereby waive any right to appeal.

We granted his motion and dismissed his appeal on January 9, 2004. *See* Fed. R. App. P. 42(b) ("The circuit clerk may dismiss a docketed appeal if the parties file a signed dismissal agreement[.]").

Almost seven months later, on August 2, 2004, Arevalo moved to reinstate his appeal. Arevalo argued that in the wake of the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and our decision in *United States v. Ameline*, 376 F.3d 967 (9th Cir. 2004), *amended by* 400 F.3d 646 (9th Cir.), *vacated pending en banc review by* 401 F.3d 1007 (9th Cir. 2005), Arevalo had "a viable legal basis for challenging his sentence." The Appellate Commissioner granted his motion on August 3, 2004.

On August 11, 2004, the Government filed a motion for reconsideration of the August 3, 2004, order reinstating Arevalo's appeal. A motions panel subsequently denied the Government's motion to reconsider reinstatement on August 16, 2004, and the Clerk of the Court assigned this panel to consider the merits of Arevalo's reinstated appeal.

Arevalo presents three claims of error on appeal: (1) that the district court unconstitutionally enhanced his sentence based on facts not found by a jury beyond a reasonable doubt in violation of the Sixth Amendment, *see United States v. Booker*, 125 S. Ct. 738 (2005); (2) that the district court unconstitutionally increased his Criminal History Category based on a term he served in prison for a juvenile delinquency adjudication made without a jury in violation of the Sixth Amendment and his right to equal protection; and (3) that the district court erred in refusing to suppress wiretap evidence.

We dismiss Arevalo's appeal for lack of jurisdiction because he cannot show why the time limitation which pre-

vents an appellate court from exercising jurisdiction over his untimely reinstated appeal can be avoided.

## II

**[1]** Under the Federal Rules of Appellate Procedure 4(b), a defendant must file his or her appeal "within 10 days . . . [of] either the judgment or the order being appealed[.]" Fed. R. App. P. 4(b). The time limits on filing a notice of appeal are "mandatory and jurisdictional." *United States v. Houser*, 804 F.2d 565, 568 (9th Cir. 1986). Consequently, failure to file a timely or effective notice of appeal renders us without jurisdiction to consider the merits of the petitioner's claims. *See id.* The procedural history of Arevalo's appeal is best analyzed by breaking it down into two steps: his voluntary dismissal of a timely filed appeal and his attempt to reinstate the same.

## A

**[2]** We first consider the effect of an appeal, timely filed, but voluntarily dismissed. In these cases we believe that the approach taken by the Fifth, Sixth, and Seventh Circuits is most consistent with the purpose of the appellate rules. They have ruled that once an appeal is voluntarily dismissed, appellate courts no longer have jurisdiction over the merits of the appeal.

**[3]** As the Seventh Circuit explained:

> A notice of appeal filed and dismissed voluntarily is gone, no more effective in conferring jurisdiction on a court than a notice never filed. Attempts to resurrect notices of appeal must be treated the same as belated notices of appeal. The time limits for filing an appeal require the losing party to choose between accepting the judgment and pursuing appellate review. The loser may not dither. Filing and dismiss-

ing an appeal prevents appellate review, and we do not think that it should place the judgment in limbo — open to review whenever the losing side changes its mind. The structure of the rules is set against such delay and uncertainty.

*Barrow v. Falck*, 977 F.2d 1100, 1103 (7th Cir. 1992) (citation omitted); *Futernick v. Sumpter Township*, 207 F.3d 305, 312 (6th Cir. 2000) (same) (quoting *Barrow* with approval); *Williams v. United States*, 553 F.2d 420, 422 (5th Cir. 1977) (voluntarily dismissing a timely filed appeal "place[s] [the appellant] in the same position as if [he or she] had never filed a notice of appeal in the first place"); *see also United States v. Outen*, 286 F.3d 622, 631 (2d Cir. 2002) ("A withdrawal of an appeal is an expression of intent of the parties [ ] not to pursue the appeal any further and brings the appeal to an end."); *id.* at 632 n.5 (quoting *Barrow* with approval). Therefore, we were deprived of our jurisdiction to review the merits of Arevalo's appeal once we granted his motion to dismiss.

B

**[4]** Arevalo, however, did not simply obtain an order dismissing his case, but later sought to revive his extinguished appeal by filing a motion to reinstate almost seven months after dismissal. Accordingly, at step two, we must consider whether, and in what circumstances, a voluntarily dismissed appeal may be reinstated because we are without jurisdiction absent proper reinstatement. *See supra* at 5-6; *see also, e.g.*, *Futernick*, 207 F.3d at 311.[2]

---

[2]We note that a motions panel denied the Government's motion to reconsider the Appellate Commissioner's reinstatement of Arevalo's appeal, effectively concluding that we had jurisdiction over the appeal. Arevalo argues that under the "law of the case" doctrine this panel — the merits panel — is precluded from revisiting the reinstatement of his appeal because the motions panel denied the Government's motion to reconsider. Although "the 'law of the case' doctrine prevents reconsideration of issues

**[5]** We adopt the Seventh Circuit's solution as most consistent with the spirit of the appellate rules: "A motion to reinstate should be treated as a fresh notice of appeal, effective if time remains under Rule 4 and ineffective otherwise." *Barrow*, 977 F.2d at 1103; *see also Williams v. United States*, 553 F.2d at 422 (refusing to consider another appeal where, after voluntary dismissal, appellant's second notice of appeal was filed outside the time limit set by the appellate rules). Permitting appellants unlimited opportunities to reinstate a voluntarily withdrawn appeal compromises the finality of judgments and allows appellants to circumvent express statutory time limits for appeal. *Futernick*, 207 F.3d at 311 ("If appellants were permitted to dismiss voluntarily a timely appeal and then reopen the appeal at their pleasure . . . [a]ppellants would essentially have the ability to make an end run around Federal Rule of Appellate Procedure 4[ ]."); *Barrow*, 977 F.2d at 1103 ("The structure of the rules is set against [ ] delay and uncertainty.").

**[6]** Thus, an appellant who has voluntarily dismissed his appeal must move to reinstate within the time limits for filing a notice of appeal, *see, e.g.*, *Barrow*, 977 F.2d at 1103, or seek an extension of time from the district court to re-file the notice of appeal. Fed. R. App. P. 4(b)(4) ("Upon a finding of excusable neglect or good cause, the district court may . . .

that have been decided by the court, the merits panel has an independent duty to examine jurisdictional questions." *Hard v. Burlington N. R.R. Co.*, 870 F.2d 1454, 1458 (9th Cir. 1989); *see also Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1032 n.3 (9th Cir. 1991) ("While this court gives deference to motions panel decisions made in the course of the same appeal, we have an independent duty to decide whether we have jurisdiction."); *Houser*, 804 F.2d at 569 ("Stated succinctly, the doctrine of 'law of the case' is inapplicable to the question of our jurisdiction to consider an appeal."). Thus, because the time limits for filing a notice of appeal are jurisdictional, a merits panel should reconsider jurisdictional issues even if previously decided by a motions panel. *Hard*, 970 F.2d at 1458; *Houser*, 804 F.2d at 568.

extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."). Consequently, appellants must seek reinstatement of their voluntarily dismissed appeals within either the remainder of the ten-day period within which a criminal appellant must file the notice of appeal, Fed. R. App. P. 4(b)(1)(A), or within the remainder of the ten-day period plus thirty days if appellant obtains a timely extension from the district court. Fed. R. App. P. 4(b)(4). We recognize that this gives appellants only a small window within which to reinstate their appeal, but the strict result is compelled by the purposes of achieving finality and the text of the appellate rules. *Barrow*, 977 F.2d at 1103; *see generally*, Fed. R. App. P. 4(b).

**[7]** We have no jurisdiction over Arevalo's appeal because he moved to reinstate his appeal seven months after his voluntary dismissal and well beyond the thirty-day extension period he might have sought from the district court to file, or in his case re-file, a notice of appeal. Instead, in moving to reinstate his appeal, Arevalo argues only that the Supreme Court decision in *Blakely* and our decision in *Ameline*, provided him with a viable legal basis for now challenging his sentence. Arevalo's argument in his motion to reinstate, however, hides the true nature of his claims on appeal by insinuating that prior to *Blakely* and *Ameline* he had no claims upon which he could appeal his sentence and conviction. That is simply not true.

**[8]** Arevalo argued at the sentencing hearing that under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) — the principle basis for the Supreme Court's decision in *Blakely* — enhancing his sentence based on facts not found by a jury beyond a reasonable doubt unconstitutionally deprived him of his Sixth Amendment right to trial by jury. That the district court rejected Arevalo's claim did not foreclose reconsideration of the merits of his argument on appeal. Indeed, the entire purpose of appellate review is to

provide aggrieved parties with an opportunity to present their claims to a higher tribunal in an attempt to persuade it that the lower court made an erroneous conclusion of law. Nothing, save his own decision to dismiss, precluded Arevalo from pressing his *Apprendi* claim on appeal and seeking to have the district court's determination reversed.

**[9]** Moreover, notwithstanding his *Apprendi* claim, we reject Arevalo's suggestion that he had no viable claims on appeal prior to the decisions in *Blakely* and *Ameline*. To the contrary, Arevalo specifically argues on appeal that the district court erred in denying his joint motion to suppress evidence obtained from wiretap interceptions — a claim of error on appeal that is completely unaffected by those two decisions. Nothing in either *Blakely* or *Ameline* made this claim suddenly viable. Had Arevalo wanted to pursue this claim on appeal, he was well aware of it then and completely free to do so. He cannot now reinstate his appeal on that claim where he previously voluntarily dismissed it.

Our decision today is consistent with our prior holding in *Williams v. Boeing*, 681 F.2d 615, 616 (9th Cir. 1982), where, in a terse *per curiam* opinion, we granted an appellant's motion to reinstate a voluntarily dismissed appeal because under a prior similar version of Rule 4(a) we thought that the appellant ought not to be denied an opportunity for appellate review on account of the "lack of understanding of appellate procedure demonstrated by appellant's counsel" and his counsel's "apparent lack of attention to the specific language of the order [appealed from]." *Id.* (reinstating appeal because there was "no reason to let counsel's failings in [the] case work to his client's detriment").

This case is different. Arevalo makes no allegations, much less provides any proof, that he was misled or that his counsel was negligent. The only thing that prevented Arevalo from pursuing his appeal was Arevalo himself. Arevalo could have pursued his *Apprendi* claim, his appeal of the district court's

order refusing to suppress the wiretap evidence, or both. Arevalo lost his opportunity for appellate review by voluntarily dismissing his appeal and failing to reinstate within the time limits proscribed by the Federal Rules of Appellate Procedure, not because of his attorney's mistakes.

We note two curiosities regarding reinstating an appeal. First, the current version of Rule 4(b) says nothing about the appellate court's power to reinstate a dismissed criminal appeal. Fed. R. App. P. 4(b). Second, we also note that Rule 26(b) precludes appellate courts from granting appellants an extension for filing a notice of appeal except as permitted by Rule 4. Fed. R. App. P. 26(b) ("the [appellate] court may not extend the time to file: (1) a notice of appeal (except as authorized in Rule 4) or a petition for permission to appeal"). Rule 4, however, contains no explicit language granting authority to an appellate court to extend the time to file a notice of appeal. Fed. R. App. P. 4(b)(4) ("Upon a finding of excusable neglect or good cause, *the district court* may . . . extend the time to file a notice of appeal for a period not to exceed 30 days[.]") (emphasis added). Moreover, although an appellate court may generally "suspend any provision of these rules[,]" explicitly excepted is an appellate court's power to extend time to file a notice of appeal. Fed. R. App. P. 2 (incorporating Rule 26(b)'s limitations). This exception is reasonable because the timeliness of filing a notice of appeal is jurisdictional and goes to the very power of an appellate court to review alleged errors below.

**[10]** We express no opinion on an appellate court's power to reinstate an appeal or whether Rule 4's silence precludes an appellate court from granting an extension or merely circumscribes its power to be consistent with the district court's authority to grant an extension for good cause or excusable neglect. *See Boeing*, 681 F.2d at 616. Instead, we hold today that under *Boeing*, Arevalo has failed to make the requisite showing to have his appeal reinstated by demonstrating excusable neglect.

**[11]** Similarly, under Rule 4(b)(4), assuming *arguendo* that it permits an appellate court, as opposed to the district court, to grant an extension of time based on a finding of excusable neglect or good cause, Arevalo has made no such allegations, and certainly no showing, of either. To the extent that Arevalo implies that there is good cause to reinstate his appeal because his sentencing claims became viable only after *Blakely* and *Ameline* were announced, we have already rejected that argument. *See supra* at 9-11. Arevalo had sufficient basis to file and pursue his appeal prior to *Blakely* and *Ameline*. He simply chose not to, and cannot now reinstate his appeal.

**[12]** We conclude that an appeal timely filed, but voluntarily dismissed, leaves us without jurisdiction to consider the merits where appellant has missed the procedural window for reinstatement by failing to re-file his notice of appeal before the prescribed time elapses or by failing to properly obtain a thirty-day extension for re-filing from the district court, and where appellant makes no showing of excusable neglect.

**DISMISSED**.