
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50363 |
| Plaintiff - Appellee, | D.C. No. 2:09-CR-00565-DSF |
| v. | MEMORANDUM[*] |
| LESLIE N. ONYESOH, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted October 17, 2013[**]
Pasadena, California

Before: W. FLETCHER and FISHER, Circuit Judges, and ZOUHARY, District
Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, Toledo, sitting by designation.

This case returns to this Court following a remand for the district court to reconsider Defendant's challenge to a sentencing enhancement. Defendant was convicted of access device fraud under 18 U.S.C. § 1029(a)(3). We vacated Defendant's sentence, finding the Government was required to prove the usability of expired credit card numbers in order to apply the enhancements under the U.S. Sentencing Guidelines § 2B1.1(b). *United States v. Onyesoh*, 674 F.3d 1157 (9th Cir. 2012).

At re-sentencing, the Government presented exhibits, including a spreadsheet of 500 credit card numbers found during a search of Defendant's home. The numbers on this spreadsheet expired between 2004 and 2006. The Government also presented 64 profiles, found in Defendant's possession, which included personal identifying information, such as birth dates and Social Security numbers. Six of these profiles corresponded with information on the credit card number spreadsheet.

The district court also heard testimony from a Postal Inspector who investigated the credit card fraud and explained the significance of the Government's evidence. The Inspector testified to the following points:

- Credit card account numbers do not change when they expire; rather, a new card is issued with the same account number and a new expiration date.

- An expired credit card account number, in conjunction with the true account holder's name, address, and other personal identifiers, allows a person to obtain a duplicate card to make Internet purchases, enter ATM transactions, and obtain cash advances.

- Identity thieves typically collect identity theft victim profiles, stolen mail, checks, SIM cards, and credit reports for use in applying for new credit cards, all of which were found during a search of Defendant's home.

Based on the Inspector's testimony and the documents found in Defendant's possession, the district court found by a preponderance of the evidence that all the expired credit card numbers contained in the spreadsheet were usable under the statutory definition of an access device. The district court adopted the probation officer's loss calculation, which totaled $310,695.49, of which $250,000 was attributable to the 500 spreadsheet entries. The district court once again sentenced Defendant to 46 months of imprisonment.

This Court reviews for clear error the district court's factual findings on loss calculation. *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1154 (9th Cir. 2012).

Based on the re-sentencing hearing record, this Court cannot say the district court clearly erred in the factual determinations that underlie its loss calculation. The relevant statutory provision defines an "access device" to include, in part, a "means of account access that *can* be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value." 18 U.S.C. § 1029(e)(1)

(emphasis added). The Government presented expert testimony at re-sentencing that "[a] fraudster can actually use the expired credit card to obtain additional information such as getting a new card reissued to them. They can call in to the banks and actually if they had, in conjunction with the victim's name, Social Security, date of birth, address, things like that, they can bypass the security questions and actually ask for either the new expiration date on the credit cards or ask for a duplicate card be sent to a place they control." And, depending on an online merchant's sale policies, an expired credit card number could nonetheless be used to conclude an online transaction.

The district court's finding that the collection of information contained in the spreadsheet entries "can be used, alone or in conjunction with another account device, to obtain money, goods, services, or any other thing of value" was not "without support in inferences that may be drawn from facts in the record." *Red Lion Hotels Franchising, Inc. v. MAK, LLC*, 663 F.3d 1080, 1087 (9th Cir. 2011). Our decision in *United States v. Yellowe*, 24 F.3d 1110 (9th Cir. 1994), does not dictate otherwise. That we approved of the Government's method of proof for loss calculation purposes in *Yellowe* does not mean it is the exclusive method by which the Government may satisfy its burden.

**AFFIRMED**.