NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50052 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:12-cr-00446-BRO-1 |
| VAGAN DOBADZHYAN, | |
| Defendant-Appellant. | MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted February 8, 2017
Pasadena, California

Before: SCHROEDER, DAVIS,[**] and MURGUIA, Circuit Judges.

Vagan Dobadzhyan appeals the district court's sentence of 48 months in connection with his guilty plea for conspiring to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349. We have jurisdiction pursuant to 18 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Andre M. Davis, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

§ 3742(a) and 28 U.S.C. § 1291. We affirm.

1. Dobadzhyan first argues that the district court erred in its loss calculations. "A calculation of the amount of loss is a factual finding reviewed for clear error." *United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008). In cases, such as this one, involving altered or counterfeit instruments, U.S.S.G. § 2B1.1(b)(1) sets increases in criminal offense levels based on the amount of loss. A district court must "make a reasonable estimate of the loss." U.S.S.G. § 2B1.1, cmt. n.3(C); *see also United States v. Torlai*, 728 F.3d 932, 938 (9th Cir. 2013). A court may impose a charge of $500 per counterfeit access device number. U.S.S.G. § 2B1.1, cmt. n.3(F)(i); *see also U.S. v. Yellowe*, 24 F.3d 1110, 1113 (9th Cir. 1994). To apply the $500-per access device enhancement, "the Government ha[s] to prove the usability of the expired credit card numbers by a preponderance of the evidence." *United States v. Onyesoh*, 674 F.3d 1157, 1159–60 (9th Cir. 2012). Dobadzhyan also argues that the government must prove that Dobadzhyan intended to use the numbers.

We conclude that district court did not err by adding $643,500 to the total amount of loss based on the 1,287 access device numbers found on the computer recovered from Dobadzhyan's home. The government's expert testimony adequately explained that even expired credit card numbers are usable. *See id.* at 1160; *see also United States v. Onyesoh*, 549 Fed. Appx. 700, 701–02 (9th Cir.

2

Dec. 13, 2013), *cert. denied*, 134 S.Ct. 1913 (2014). And circumstantial evidence demonstrated that Dobadzhyan owned the computer at the time the access device numbers were copied onto the computer and that Dobadzhyan had access to the numbers. Therefore, we conclude that the district court did not clearly err by finding that Dobadzhyan intended to use the usable access device numbers.

2. Dobadzhyan also argues that the government waived its ability to seek a breach of the plea agreement and was estopped from seeking a breach of the plea agreement because the government demanded Dobadzhyan's forfeiture payments even after it knew that Dobadzhyan had already breached his plea agreement. There simply is no authority for the notion that the government is required to declare a plea agreement's breach immediately or within a certain amount of time. A "party asserting equitable estoppel against the government must [] establish that (1) the government engaged in affirmative misconduct going beyond mere negligence; (2) the government's wrongful acts will cause a serious injustice; and (3) the public's interest will not suffer undue damage by imposition of estoppel." *Baccei v. United States*, 632 F.3d 1140, 1147 (9th Cir. 2011). The government did not engage in affirmative misconduct or cause serious injustice. The district court therefore did not err by rejecting Dobadzhyan's waiver and estoppel arguments.

3. Lastly, Dobadzhyan argues that the district court erred in its application of the three-level enhancement made pursuant to 18 U.S.C. § 3147 and U.S.S.G. §

3

3C1.3. The panel lacks jurisdiction over this claim because it is a challenge to the sentence imposed for a different offense, and Dobadzhyan voluntarily dismissed his appeal of that sentence. *United States v. Arevalo*, 408 F.3d 1233, 1236 (9th Cir. 2005) ("[O]nce an appeal is voluntarily dismissed, appellate courts no longer have jurisdiction over the merits of the appeal."). In any event, the district court clearly intended to impose a total sentence of 72 months for the two offenses at issue. Therefore, even assuming the district court committed an error that we can review, the error was harmless. *See United States v. Booker*, 543 U.S. 220, 268 (2005) (stating that the harmless error doctrine applies to sentencing issues); *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006) (concluding that an incorrect application of the Sentencing Guidelines combined with a showing that the error was not harmless will merit remand).

    **AFFIRMED.**