**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT E. CARUSO; SANDRA L. FERGUSON, Esquire, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> WASHINGTON STATE BAR ASSOCIATION 1933, a legislatively created Washington association, State Bar Act (WSBA 1933); et al., <br><br> Defendants-Appellees. | No. 17-35410 <br><br> D.C. No. 2:17-cv-00003-RSM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted March 13, 2018[**]

Before:     LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Robert E. Caruso appeals from the district court's judgment dismissing his

42 U.S.C. § 1983 action seeking declaratory and injunctive relief.  Sandra L.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ferguson appeals pro se from the district court's order denying her motion to vacate the judgment and to amend the first amended complaint. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We review for an abuse of discretion a denial of a motion under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

As to Caruso, the district court properly dismissed the action because he failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and conclusory allegations are not entitled to be assumed true) (citation and internal quotation marks omitted)); *Keller v. State Bar of Cal.*, 496 U.S. 1, 13-14 (1990) (state bar association may constitutionally fund activities germane to the goals of regulating the legal profession and improving the quality of legal services out of the mandatory dues of all members); *Lathrop v. Donohue*, 367 U.S. 820, 843 (1961) (Brennan, J., plurality opinion) (state bar association may constitutionally require mandatory membership and dues without impinging on protected rights of association); *Rosenthal v. Justices of the Superior Court of Cal.*, 910 F.2d 561 (9th Cir. 1990) ("The lawyer subject to discipline is entitled to procedural due process,

2

including notice and an opportunity to be heard." (citing *In re Ruffalo*, 390 U.S. 544, 550 (1968))); *see also* Wash. Rev. Code § 2.48.050 (2018) (authorizing board of governors of the Washington State Bar Association to adopt rules "concerning membership . . . [and] the enrollment and privileges of membership").

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

We reject as without merit Caruso's contentions of fraud upon the district court.

As to Ferguson, we lack jurisdiction to review the district court's judgment. After Ferguson voluntarily dismissed her timely appeal of the judgment, her subsequent Rule 59(e) motion did not toll the time to file an appeal. Thus, her amended notice of appeal is untimely as to the judgment. *See* Fed. R. App. P. 4(a)(1)(A), 4(a)(4) (notice of appeal must be filed within 30 days after entry of judgment or order appealed from; time to file an appeal runs from entry of the order disposing of timely post-judgment tolling motion); *United States v. Arevalo*, 408 F.3d 1233, 1236-37 (9th Cir. 2005) (once an appellant voluntarily dismisses her appeal, this court lacks jurisdiction unless appellant moves to reinstate within

17-35410

the time limits for a notice of appeal or seeks an extension of time from the district court to re-file the notice of appeal); *Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 703 (9th Cir. 2007) ("A timely notice of appeal is a non-waivable jurisdictional requirement.").

The district court did not abuse its discretion by denying Ferguson's post-judgment motion to vacate judgment and amend pleading because Ferguson failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J*, 5 F.3d at 1262-63 (grounds for relief under Rule 59 or Rule 60); *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) ("[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendants' motion to take judicial notice (Docket Entry No. 40) is denied as unnecessary.

**AFFIRMED.**