UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50269 |
| Plaintiff-Appellant, | D.C. No. 5:16-cr-00146-R-1 |
| v. | Central District of California, Riverside |
| MARCOS ALEJANDRO GONZALEZ FLORES, | ORDER |
| Defendant-Appellee. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50270 |
| Plaintiff-Appellee, | D.C. No. 5:16-cr-00146-R-1 |
| v. | |
| MARCOS ALEJANDRO GONZALEZ FLORES, | |
| Defendant-Appellant. | |

Before: O'SCANNLAIN, PAEZ, and OWENS, Circuit Judges.

The memorandum disposition filed on January 9, 2020 is amended as

follows:

On page 4, delete:

Accordingly, we affirm the denial of the motion to suppress.

On page 4, add:

**4.** We reject Gonzalez's argument that the district court abused its discretion by ruling on Gonzalez's motion to suppress without holding an evidentiary hearing. "An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). Gonzalez's motion did not meet that standard.

The amended memorandum is filed concurrently with this order.

The petition for rehearing (Dkt. 72) is denied. No further petitions for rehearing may be filed.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-50269 |
| Plaintiff-Appellant, | D.C. No. 5:16-cr-00146-R-1 |
| v. | AMENDED MEMORANDUM[*] |
| MARCOS ALEJANDRO GONZALEZ FLORES, | |
| Defendant-Appellee. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-50270 |
| Plaintiff-Appellee, | D.C. No. 5:16-cr-00146-R-1 |
| v. | |
| MARCOS ALEJANDRO GONZALEZ FLORES, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 10, 2019
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: O'SCANNLAIN, PAEZ, and OWENS, Circuit Judges.

The government appeals the district court's imposition of a sentence below the mandatory minimum. Marcos Alejandro Gonzalez Flores ("Gonzalez") cross-appeals the district court's denial of his suppression motion. We have jurisdiction under 28 U.S.C. § 1291. "We review de novo the legality of a criminal sentence . . . ." *United States v. Moreno-Hernandez*, 48 F.3d 1112, 1114 (9th Cir. 1995). We also review de novo the denial of a suppression motion and review for clear error the factual findings underlying such a denial. *United States v. Brobst*, 558 F.3d 982, 991 (9th Cir. 2009). We vacate the sentence, affirm the denial of the motion to suppress, and remand to the district court for resentencing.

**1.** As an initial matter, we reject Gonzalez's challenge to the propriety of the government's appeal. First, the appellate waiver provision in the parties' plea agreement does not bar the appeal of an unlawful sentence. *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) ("An appeal waiver will not apply if . . . the sentence violates the law."). Second, we are satisfied the appeal was properly authorized under 18 U.S.C. § 3742(b) by the Acting Solicitor General Jeffrey Wall. *See* 5 U.S.C. §§ 3345(a)(1), 3346(a)(1); 28 C.F.R. § 0.137(b). Finally, the government timely filed its notice of appeal on July 26, 2017; the government's filing of a second, identical notice of appeal on August 1, 2017, after the district court's clerk's office requested the first notice be refiled under the correct "event"

2

code, does not render the appeal untimely. *Cf. United States v. Arevalo*, 408 F.3d 1233, 1237–39 (9th Cir. 2005) (concluding an appeal was untimely where seven months had elapsed between appellant's *voluntary dismissal* of the appeal and his attempt to reinstate it); *Williams v. United States*, 553 F.2d 420, 422 (5th Cir. 1977) (where ten months elapsed between the same).

**2.** As to the merits of the government's appeal, the district court erred in imposing a sentence that disregarded the mandatory consecutive penalty. Gonzalez pleaded guilty to offenses that carry mandatory minimum sentences of five years each, which must run consecutively. *See* 21 U.S.C. § 841(b)(1)(B)(vii); 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(D)(ii). The district court sentenced Gonzalez to 72- and 60-month terms to run *concurrently*. That was error. *See United States v. Sykes*, 658 F.3d 1140, 1146 (9th Cir. 2011) ("It is axiomatic that a statutory minimum sentence is mandatory."). We vacate the unlawful sentence and remand to the district court for resentencing.

**3.** Finally, we determine that the district court did not err in denying Gonzalez's motion to suppress evidence obtained during the search of his business. Police obtained a warrant to search "Suite 114" of a multi-unit commercial complex. While executing the warrant, they discovered a hidden three-by-three-foot hole leading from Suite 114 into a second unit (not within the scope of the warrant), which they erroneously believed was part of Suite 114. We conclude

3

that, under the circumstances, it was "objectively understandable and reasonable" for the officers to believe this second space was part of Suite 114 and thus to search it. *Maryland v. Garrison*, 480 U.S. 79, 88 (1987).

**4.** We reject Gonzalez's argument that the district court abused its discretion by ruling on Gonzalez's motion to suppress without holding an evidentiary hearing. "An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). Gonzalez's motion did not meet that standard.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**