Jackie G. WILLIAMS and Patricia A. Williams, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 75–3019.

United States Court of Appeals, Fifth Circuit.

June 2, 1977.

Rehearing Denied June 30, 1977.

Jackie G. Williams, pro se.

John W. Stokes, U. S. Atty., William D. Mallard, Jr., Asst. U. S. Atty., Atlanta, Ga., Scott P. Crampton, Asst. Atty. Gen., Tax Div., U. S. Dept. of Just., Karl Schmeidler, Francis J. Gould, Attys., Gilbert E. Andrews, Jr., Acting Chief, App. Sec., U. S. Dept. of Just., Washington, D.C., for defendant-appellee.

Before BROWN, Chief Judge, and COLEMAN. and TJOFLAT, Circuit Judges. .

TJOFLAT, Circuit Judge:

The appellants ask us to review the propriety of a directed verdict made in favor of the Internal Revenue Service by the district court in their trial below. We decline to do so, however, for the appeal from that order was not timely filed. Consequently, we must dismiss the appeal.

The essential facts are not in dispute. The judgment about which appellants wish to complain was entered by the district court on April 11, 1974. A timely notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a) [1] was then filed on April 24, 1974. However, on July 1 appellants filed a motion pursuant to Rule 42(a) [2] for a

---

1. Rule 4(a) states in relevant part,

   (a) In a civil case . . . in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days of the date of the entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days of such entry. . .

   .    .    .    .    .

   Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

2. Rule 42(a) reads, "If an appeal has not been docketed, the appeal may be dismissed by the district court upon the filing in that court of a stipulation for dismissal signed by all the parties, or upon motion and notice by the appellant."

voluntary dismissal of the appeal by the district court, and the motion was granted.[3] Some ten months later appellants filed motions in the district court seeking enlargement of the time for filing notice of appeal and reinstatement of the dismissed appeal. The district court denied the motions and this appeal followed.[4]

■ It has been authoritatively stated on numerous occasions that, unless appellants timely file a notice of review, a court of appeals has no jurisdiction over the case.[5] The appellants here did timely file a notice of appeal, but then had it dismissed before it had been docketed. In our view, this placed them in the same position as if they had never filed a notice of appeal in the first place. Their next notice of appeal was not filed until over a year after the judg-

ment complained of was handed down. That filing was obviously well outside the sixty day limit set by Rule 4(a) for suits in which the government is a party.

■ Appellants complain, however, that the dismissal of the first notice of appeal was occasioned by their insolvency and their counsel's incompetency. Rule 4(a) provides that, upon a showing of excusable neglect,[6] the district court may extend the filing deadline for a maximum of thirty days *"from the expiration of the time otherwise prescribed by this subdivision."* (Emphasis added.) The plain meaning of this provision is that a motion for an extension of time must be made within, at most, a ninety day period.[7] The district court correctly discerned that it had no power to grant a nunc pro tunc extension after the

---

**3.** The appeal had not yet been docketed in the Fifth Circuit Court of Appeals, and so action by the district court was appropriate.

**4.** Motion was made to the court of appeals under Rule 2 by the appellants for an extension of time in which to appeal. A panel of this court granted a reinstatement of the appeal. In light of Rule 2's express exception of the provisions of Rule 26, and in light of Rule 26(b)'s prohibition in regards to enlarging the time for filing a notice of appeal, we do not interpret this prior pronouncement of the court to be binding upon us on the merits of this issue. It is clear to us that the prior panel's concern was merely to reserve the question for more plenary consideration. Such consideration has now been afforded via oral argument and supplemental briefing.

**5.** *See, e. g., Spound v. Mohasco Industries, Inc.,* 534 F.2d 404 (1st Cir.), *cert. denied,* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976); *Boggs v. Dravo Corp.,* 532 F.2d 897 (3d Cir. 1976); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach,* 525 F.2d 1179 (8th Cir. 1975); *Morin v. United States,* 522 F.2d 8 (4th Cir. 1975); *Lashley v. Ford Motor Co.,* 518 F.2d 749 (5th Cir. 1975); *Martin v. Wainwright,* 469 F.2d 1072 (5th Cir. 1972), *cert. denied,* 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1973); *Schaeffer v. First Nat'l Bank,* 465 F.2d 234 (7th Cir. 1972); *Smith v. United States,* 425 F.2d 173 (9th Cir. 1970); *Weedon v. Gaden,* 136 U.S.App.D.C. 1, 419 F.2d 303 (1969); *Lindsey v. Perini,* 409 F.2d 1341 (6th Cir. 1969); *Durham v. United States,* 400 F.2d 879 (10th Cir. 1968), *cert. denied,* 394 U.S. 932, 89 S.Ct. 1204, 22 L.Ed.2d 462 (1969). *See also Sassoon v. United States,* 549 F.2d 983 (5th Cir. 1977).

**6.** We hazard no opinion upon whether these allegations would be sufficient to demonstrate excusable neglect. We simply note that in light of such cases as *Spound v. Mohasco Industries, Inc.,* 534 F.2d 404 (1st Cir.), *cert. denied,* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976); *Gann v. Smith,* 443 F.2d 352 (5th Cir. 1971); *Harlan v. Graybar Elec. Co.,* 442 F.2d 425 (9th Cir. 1971); and *Phelps v. United States,* 373 F.2d 194 (10th Cir. 1967), there could be some question in that regard.

**7.** *See Merrill Lynch, Pierce, Fenner & Smith v. Kurtenbach,* 525 F.2d 1179, 1182 (8th Cir. 1975); *Martin v. Wainwright,* 469 F.2d 1072 (5th Cir. 1972), *cert. denied,* 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1973); *Lindsey v. Perini,* 409 F.2d 1341 (6th Cir. 1969); *Plant Economy, Inc. v. Mirror Insulation Co.,* 308 F.2d 275 (3d Cir. 1962).
*Pasquale v. Finch,* 418 F.2d 627 (1st Cir. 1969), is not to the contrary. There the notice of appeal was filed after the ninety day limit but the district court still found excusable neglect and accepted filing at the notice of appeal. The appellate court assumed, "for the purposes of this case only," *id.* at 629, that notice had been timely filed. The court then went on to reverse the district court on its finding of excusable neglect. As to the filing deadline, the court commented, "Obviously the proper procedure is to file the formal Notice of Appeal contemporaneously with the motion to extend—or at least within the 30-day extension period—and we look with disfavor on the government's inexcusable failure to comply with the clear mandate of Rule 4(a)." *Id.*

thirty day grace period had elapsed in this case.[8]  As a result, we are without jurisdiction of this appeal and it must be

DISMISSED.

8.  *Credit Co. Ltd. v. Arkansas Cent. Ry.,* 128 U.S. 258, 9 S.Ct. 107, 32 L.Ed. 448 (1888); *Stirling v. Chemical Bank,* 511 F.2d 1030, 1032 (2d Cir. 1975); *Smith v. United States,* 425 F.2d 173 (9th Cir. 1970).  The Supreme Court in *Credit Co. Ltd.* stated,

> The attempt made, in this case, to anticipate the actual time of presenting and filing the appeal, by entering an order nunc pro tunc, does not help the case.  When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court.  If it could be, the law which limits the time within which an appeal can be taken would be a dead letter.  128 U.S. at 261, 9 S.Ct. at 108.

Two minor exceptions to this general rule, neither of which are pertinent here, have developed.  First, it has been held that if a motion for an extension of time is filed within the thirty day period, then the district court may grant the extension after the period has ended.  *See Pasquale v. Finch,* 418 F.2d 627 (1st Cir. 1969); *C-Thru Products, Inc. v. Uniflex, Inc.,* 397 F.2d 952 (2d Cir. 1968).  Second, when appellants have filed within the extension period without first making motion in the district court, several circuit courts have allowed the district court to consider whether excusable neglect existed on remand.  *See, e. g., Lashley v. Ford Motor Co.,* 518 F.2d 749 (5th Cir. 1975); *Stirling v. Chemical Bank,* 511 F.2d 1030 (2d Cir. 1975).  *Evans v. Jones,* 366 F.2d 772 (4th Cir. 1966).  *But see Merrill Lynch, Pierce, Fenner & Smith v. Kurtenbach,* 525 F.2d 1179 (8th Cir. 1975).  *See generally* C. Wright, Law of Federal Courts § 104, at 522 (3d ed. 1976).  To qualify under either exception, the appellant must act within the extension period.  That was not done by appellants in this case.