

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2007

# USA v. Sylvester

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2660

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation
"USA v. Sylvester" (2007). 2007 Decisions. Paper 64.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/64

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2660

UNITED STATES OF AMERICA

v.

SHAWN SYLVESTER,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 02-cr-00250)
District Judge:  Honorable Thomas I. Vanaskie

Submitted Under Third Circuit LAR 34.1(a)
December 10, 2007

Before: RENDELL and STAPLETON, Circuit Judges
and IRENAS,* District Judge.

(Filed: December 14, 2007 )

OPINION OF THE COURT

* Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey, sitting
by designation.

RENDELL, *Circuit Judge.*

Shawn Sylvester appeals from an order of the District Court dismissing his 28 U.S.C. § 2255 motion. Sylvester contends that the District Court erred in determining that the limitations period for filing a motion under 28 U.S.C. § 2255 begins to run on the date when a motion for voluntary dismissal of the defendant's direct appeal is granted. The District Court issued a certificate of appealability ("COA") limited to this issue. The Government now moves for dismissal of this appeal on the grounds that the District Court erroneously issued the COA. For the following reasons, we will dismiss the appeal.

The relevant facts are as follows. Sylvester filed a timely notice of appeal of his sentence imposed upon a plea of guilty, pursuant to a plea agreement, to distribution of crack cocaine. Subsequently, however, Sylvester filed a motion for voluntary dismissal of the appeal, which this Court granted on December 31, 2003. On February 9, 2005, Sylvester filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which is at issue here. The District Court dismissed Sylvester's motion as time-barred, finding that the one-year statute of limitations under § 2255 began to run no later than December 31, 2003, the date on which this Court granted the motion for voluntary dismissal of Sylvester's appeal. The District Court, however granted Sylvester a COA on the ground that it was "prudent to accord the Defendant the opportunity to challenge" its procedural ruling because this Court had not previously addressed the question of whether the

2

limitations period begins running when a motion to voluntarily dismiss an appeal is granted, rather than when any period for seeking certiorari review by the Supreme Court of the United States would have expired.

The government contends that the District Court incorrectly issued the COA, urging that we dismiss this appeal. A District Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, "a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Cepero*, 224 F.3d 256, 262 (3d Cir. 2000). The government argues that, even assuming that Sylvester's § 2255 motion stated a valid claim of the denial of a constitutional right, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling that the petition was time-barred.

The District Court erred in issuing the COA. That Sylvester's § 2255 motion was untimely is not reasonably debatable. His conviction became final and the limitations period began to run when his appeal was voluntarily dismissed. When an appeal is voluntarily dismissed, further direct review is no longer possible. *See United States v.*

3

*Arevalo*, 408 F.3d 1233, 1236 (9th Cir. 2005); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 312 (6th Cir. 2000); *Barrow v. Falck*, 977 F.2d 1100, 1103 (7th Cir. 1992); *Williams v. United States*, 553 F.2d 420, 422 (5th Cir. 1977). Just as the conviction of a defendant who does not appeal becomes final when the ten-day appeal period expires and the conviction of a defendant who does appeal becomes final when the direct review process is completed, *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999), so too did Sylvester's conviction become final when further direct review was foreclosed. Sylvester has cited no case in which a court held differently.[1]

Because the District Court's ruling was not reasonably debatable, the COA was not correctly issued. Accordingly, we will dismiss the appeal.

---

[1]*United States v. Outen*, 286 F.3d 622 (2d Cir. 2002), does not, contrary to Sylvester's brief, suggest otherwise. In fact, there, the court held that the defendant had not withdrawn his appeal but rather had held the appeal in abeyance. *Id*. at 631.