**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-51170
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NORBERTO BARRERA, also known as Beto, also known as Norberto Barrera
Villareal,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:96-CR-22-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Norberto Barrera, federal prisoner # 04378-079, pleaded guilty to conspiracy to distribute marijuana and attempting to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, and he was sentenced to 360 months of imprisonment. Barrera appeals the district court's denial of his motion for relief from judgment under FED. R. CIV. P. 60(b)(1), and his motion to amend

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment under FED. R. CIV. P. 59(e), which were filed almost one year after the dismissal of his 28 U.S.C. § 2255 motion to vacate his sentence.

We previously held that Barrera's appeal of the dismissal of his § 2255 motion was untimely and dismissed the appeal for lack of jurisdiction. In appealing the denial of his post-judgment motions, Barrera argues that he was prevented from timely appealing the dismissal of his § 2255 motion by extraordinary circumstances, and he essentially seeks to reinstate appellate jurisdiction over the original denial of his § 2255 motion.

We review the district court's denial of a Rule 60(b) motion for abuse of discretion. *Dunn v. Cockrell*, 302 F.3d 491, 493 (5th Cir. 2002). Under this standard, "[i]t is not enough that the granting of relief might have been permissible, or even warranted--denial must have been so *unwarranted* as to constitute an abuse of discretion." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

A timely notice of appeal in a civil case is "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 213 (2007). A Rule 60(b) motion is not a substitute for a timely appeal and cannot be used simply to vacate a judgment and then re-enter it to allow a timely appeal. *Dunn*, 302 F.3d at 493 ("As the sole purpose of [the] 60(b) motion is to achieve an extension of the time in which to file a notice of appeal, it must fail."). Moreover, although Barrera seeks to avail himself of some equitable exception so that his untimely appeal may be considered, there are no "equitable exceptions to jurisdictional requirement[]" of filing a timely notice of appeal. *Bowles*, 551 U.S. at 213.

Because Barrera's Rule 59(e) motion was filed in excess of 10 days after the November 2, 2007 entry of judgment dismissing his § 2255 motion and raised the same grounds for relief as his Rule 60(b) motion, we construe his Rule 59(e) motion as a second, or successive, Rule 60(b) motion. *See Benson v. St. Joseph Regional Health Care*, ___F.3d___, No. 07-20726, 2009 WL 1985508 at * 3 (5th

Cir. July 10, 2009); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc).  Accordingly, we will not review it.  *Willis v. City of Ft. Worth*, 41 F.3d 661, No. 94-10377, 1994 WL 684564 at *1 (citing *Charles L.M. v. Northeast Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989)).

The district court's judgment is AFFIRMED.