UNITED STATES of America,
Plaintiff,

v.

David GOWARD, Defendant.

Case No. 02–20043–BC.

United States District Court,
E.D. Michigan,
Northern Division.

June 17, 2010.

Michael J. Hluchaniuk, U.S. Attorney's Office, Bay City, MI, for Plaintiff.

## ORDER DENYING MOTION TO EXTEND TIME TO FILE MOTION UNDER 28 U.S.C. § 2255

DAVID M. LAWSON, District Judge.

Before the Court is defendant David Goward's motion to enlarge the time within which he might file a motion to vacate his sentence under 28 U.S.C. § 2255. Goward was resentenced on May 27, 2009. He filed a timely notice of appeal, but his appeal was voluntarily dismissed by the Sixth Circuit on October 29, 2009. He has not sought further review since then.

On May 24, 2010, Goward filed a motion to enlarge the time for filing a motion under section 2255 by "90–120 days." He alleges that he has had difficulty accessing his legal papers as a result of prison transfers, and on January 8, 2010 he was released to a half-way house and found that many of his documents are missing.

A federal prisoner claiming to be in custody in violation of the Constitution or laws of the United States may seek relief by filing a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Section 2255 provides a one-year statute of limitations, which is measured from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

 The determination of the finality date of a criminal judgment—that is, the date the one-year limitations period begins to run—depends on the defendant's post-conviction appellate activity. First, a federal criminal judgment becomes final for the purpose of section 2255 at the conclusion of direct review. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir.2002). "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). Second, a federal criminal judgment that is not appealed becomes final for the purpose of section 2255 ten days after it is entered. *Sanchez–Castellano v. United States*, 358 F.3d 424, 428 (6th Cir.2004).

Goward's case presents a third possibility, since he actually filed a notice of appeal but voluntarily dismissed it. The Sixth Circuit has held that when a notice of appeal is voluntarily dismissed, further direct review is not possible. *Futernick v. Sumpter Twp.*, 207 F.3d 305, 312 (6th Cir. 2000) ("A notice of appeal filed and dismissed voluntarily is gone, no more effective in conferring jurisdiction on a court than a notice never filed.... Filing and dismissing an appeal prevents appellate review ....") (quoting *Barrow v. Falck*, 977 F.2d 1100, 1103 (7th Cir.1992)); *see also United States v. Arevalo*, 408 F.3d 1233, 1236 (9th Cir.2005); *Williams v. United States*, 553 F.2d 420, 421–22 (5th Cir.1977). Although the Sixth Circuit has not addressed the impact of a voluntarily dismissed appeal on the commencement of section 2255's period of limitations, the Third Circuit has held that the time starts to run on the date the appeal is dismissed. *United States v. Sylvester*, 258 Fed.Appx. 411, 412 (3d Cir.2007) (unpublished) (holding that the defendant's "conviction became final and the limitations period began to run when his appeal was voluntarily dismissed"); *see also Gomez v. United States*, 2010 WL 1609412, at *2 (E.D.Tenn. April 20, 2010). That rule makes sense because there is no legal basis to seek certiorari from an appeal that was withdrawn voluntarily, and tacking an additional ninety days onto the end of voluntarily-terminated proceedings in the court of appeals serves no useful purpose. Direct review cannot be prolonged if the defendant voluntarily abandons the effort.

 If that rule is applied in Goward's case, his latest judgment of sentence became final on October 29, 2009, and his section 2255 motion must be filed within one year of that date. Perhaps he is not aware that he has a few months before his time expires. The Court has authority to accept late-filed section 2255

motions under the doctrine of equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir.2006), although equitable tolling in section 2255 cases "should be granted sparingly." *Ibid.* The Court is not aware of any published authority that would permit enlargement of time *before* the statute of limitations expires, although some courts have done that. *See Gilmore v. United States*, 2007 WL 2301180, at *1–2 (N.D.Ohio August 8, 2007); *cf. Prieto v. Quarterman*, 456 F.3d 511, 514 (5th Cir. 2006) (discussing district's order extending time for filing petition under 28 U.S.C. § 2254). The factors the Court must consider when applying the equitable tolling rule would seem to discourage the practice, since a defendant asking for additional time in advance may not be able to establish ignorance of the filing requirements. *See Solomon*, 467 F.3d at 933 (directing courts to consider "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim") (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001)).

In this case, the defendant has enough time to comply with the time limit in section 2255(f) that the resort to equity is unnecessary. His request to extend the deadline by 90 to 120 days beyond the existing time limit is not warranted by the facts and circumstances as he describes them.

Accordingly, his motion to enlarge the time for filing a motion under 28 U.S.C. § 2255 [dkt. # 387] is **DENIED.**