Clayton WESTMORELAND, Petitioner,

v.

Gary HETZELL, Warden; The Attorney General of the State of Alabama, Respondents.

Case No. CV 6:11–cv–905–SLB.

United States District Court,
N.D. Alabama,
Jasper Division.

Dec. 29, 2011.

---

**7.** Rule 56(d) was formerly Rule 56(f). Fed. R.Civ.P. 56 (notes to 2010 amendments).

Clayton Westmoreland, Bessemer, AL, pro se.

Stephen N. Dodd, Office of the Attorney General, Montgomery, AL, for Respondents.

### ORDER OF DISMISSAL

SHARON LOVELACE BLACKBURN, Chief Judge.

The magistrate judge filed his report and recommendation in this *habeas corpus* action on November 22, 2011, recommending that the petition be dismissed as untimely filed under 28 U.S.C. § 2244(d). To date, no party has objected to the report and recommendation. Having carefully reviewed and considered *de novo* the report and recommendation and other matters in the court file, the court finds that the report is due to be and hereby is **ADOPTED** and the recommendation **ACCEPTED.** Accordingly, the petition for writ of *habeas corpus* in the above-styled cause is hereby **DENIED** and **DISMISSED WITH PREJUDICE.**

The Clerk is **DIRECTED** to mail a copy of the foregoing to the petitioner.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

T. MICHAEL PUTNAM, United States Magistrate Judge.

This is an action by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of the conviction he received on May 15, 2007, for manslaughter and assault in the first degree. The petitioner, Clayton J. Westmoreland, filed his *pro se* petition for writ of *habeas corpus* on March 2, 2011.[1] He is incarcerated at the William E. Donaldson Correctional Facility in Bessemer, Alabama. In accordance with the usual practices of this court and 28 U.S.C. § 636(b), the matter was referred to the undersigned magistrate judge for a preliminary review and recommendation.

### PROCEDURAL HISTORY

On May 15, 2007, petitioner was convicted after a jury trial of manslaughter and assault in the first degree in the Circuit Court of Winston County, Alabama. He was sentenced on August 27, 2007, to 20 years on the manslaughter count and 15 years on the assault charge, with the terms to run consecutively. He appealed to the Alabama Court of Criminal Appeals. While the appeal was pending, and pursuant to an order of remand from the appellate court, petitioner was resentenced on April 18, 2008, on the basis that the 15-year term for the assault conviction was not sufficient under Alabama law based upon the prior convictions and the application of the state's Habitual Felony Offender Act. The court increased the sentence for assault to 20 years, but the term were imposed concurrently with the manslaughter sentence. As a result of the resentencing, petitioner's effective term of imprisonment was reduced from 35 years to 20 years.

At the resentencing hearing, petitioner's attorney announced that petitioner "wants to abandon and ... is authorizing [counsel] to dismiss the appeal." (Doc. 6–8, p. 8). On the record, the attorney asked petitioner if he wanted him to dismiss the appeal and whether that decision was his alone and was not coerced. The petitioner answered affirmatively, and further stated that he was "fully" satisfied with the attorney's services. (Doc. 6–8, p. 8). On April 25, 2008, the Alabama Court of Criminal Appeals entered an order dismissing the appeal "on motion of the appellant." (Doc. 6–12). A certificate of judgment was entered the same date. (Doc. 6–13).

On April 1, 2009, petitioner filed a petition for post-conviction relief pursuant to Alabama Rule of Criminal Procedure 32, raising three claims of ineffective assistance of counsel at trial. The petition was denied on September 4, 2009. He sought review in the Alabama Court of Criminal Appeals, which affirmed the denial on June 18, 2010. Petitioner sought rehearing, which was denied. He then sought review in the Alabama Supreme Court, which denied his petition for writ *of certiorari* on November 12, 2010.

Petitioner filed the instant petition on March 2, 2011, raising three claims of ineffective assistance of trial counsel.[2] Pursuant to this court's order to show cause, and

1. Although the petition was received by the court on March 8, 2011, it was signed and dated on March 2, 2011. Under the "prison mailbox rule," the motion is deemed filed on the day it was signed and delivered to prison authorities for mailing. *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Thus, it is the date on which the petition was signed that the court recognizes as the filing date.

2. Petitioner was represented by Jerry Jackson both at trial and on direct appeal. However, in both his Rule 32 petition and the instant *habeas* petition, he challenges Jackson's conduct only at trial, and not on appeal.

after seeking and receiving an extension of time in which to answer, the respondents filed an answer, supported by exhibits, on April 26, 2011, asserting that the petition is time-barred. By order dated April 27, 2011, the parties were notified that the petition would be considered for summary disposition, and the petitioner was notified of the provisions and consequences of this procedure under Rule 8 of the *Rules Governing Section 2254 Cases.* After seeking and receiving an extension of time in which to reply, petitioner filed a reply on May 16, 2011, and an amended response on May 17, 2011.

## *TIMELINESS*

■ The respondents assert that the instant petition is untimely filed more than 12 months after the conviction became final, pursuant to 28 U.S.C. § 2244(d). The provision, enacted April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996, established for the first time a one-year deadline for the filing of *habeas* actions under § 2254 challenging the validity of state criminal convictions. The one-year limitation runs from the latest of any of four dates, as set forth below:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1).

The respondents contend that the petitioner's judgment became final under subsection (d)(1)(A) when the petitioner voluntarily dismissed his direct appeal. They argue that because petitioner voluntarily dismissed his direct appeal, his conviction became final at that point, not 90 days later when the time provided for seeking review in the United States Supreme Court expired. The Eleventh Circuit has not addressed the question of the date a conviction becomes final when a direct appeal is voluntarily dismissed, but other circuit courts have concluded that a voluntary dismissal marks finality under (d)(1)(A). *See United States v. Sylvester,* 258 Fed.Appx. 411, 412 (3d Cir.2007) (conviction became final and the limitations period began to run when defendant's appeal was voluntarily dismissed, because further direct review is no longer possible when an appeal is voluntarily dismissed); *White v. Klitzkie,* 281 F.3d 920, 923 (9th Cir.2002) (conviction became final when defendant dismissed his direct appeal), *Lee v. Klinger,* 208 F.3d 226 (10th Cir.2000) (conviction became final when Oklahoma Court of Criminal Appeals dismissed defendant's direct appeal), *Latham v. United States,* 527 F.3d 651 (7th Cir.2008) (extending the 90–day period to a petitioner who voluntarily dismissed his appeal, but relying upon the fact that the petitioner had sought to reinstate the appeal within the time allowed for seeking rehearing). Other district courts within the Eleventh Circuit, however, have extended the "finality"

date by 90 days even where the dismissal was voluntary, *see Chapman v. McNeil* 2008 WL 2225659 (N.D.Fla.2008); *United States v. Reed,* slip op., 2011 WL 2038627 (N.D.Fla. April 4, 2011), but those courts relied upon cases from the Fourth, Fifth, and Sixth Circuit Courts of Appeals which did not rely upon an examination of whether the dismissal was voluntary. Another court within the Eleventh Circuit noted, without discussion, that a state court prisoner's conviction became final "when he voluntarily dismissed his direct appeal." *Mitchell v. Attorney General,* 2008 WL 2385064 *1 (M.D.Fla. June 9, 2008).

In this case, petitioner affirmatively expressed the desire to dismiss his appeal. The dismissal came after he received a sentence that was substantially less than his original sentence, because the two terms were imposed concurrently on re-sentencing. He never sought to reinstate the appeal, and he has never raised any claim that his attorney rendered ineffective assistance in filing the voluntary dismissal or in otherwise failing to pursue the direct appeal. He cannot now benefit from his deliberately choice to forgo a judgment on the merits from the state courts that would have enabled him to seek review in the Supreme Court. Petitioner's direct appeal did not result in any adjudication on the merits which could have provided any basis for review in the Supreme Court under Rule 13.1, Rules of the United States Supreme Court. This court is convinced that the logical result is that petitioner is not entitled to an additional 90–day period to seek *certiorari* because he voluntarily dismissed his appeal and waived any legal basis for seeking review by the Supreme Court. Consequently, the petitioner's conviction became final no later than April 25, 2008, when his direct appeal was dismissed upon his own motion. Accordingly, a timely § 2254 petition could have been filed no later than April 25, 2009.

The limitation period is subject to tolling under § 2244(d)(2), which states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Subsection 2244(d)(2) provides for the tolling of the limitation period during those times the petitioner has pending a "properly filed" post-conviction petition in state court.

In the instant case, the Rule 32 petition was filed on April 1, 2009, 24 days before the AEDPA limitations period expired. The time period was then tolled until November 12, 2010, when the appeal of the Rule 32 petition was concluded and the certificate of judgment was issued. After November 12, 2010, the one-year time limit continued to run. At that time, petitioner had 24 days, or until December 6, 2010, to timely file a petition for *habeas* relief in federal court. Petitioner did not file the instant petition until almost three months after the one-year period expired. Accordingly, this court agrees that the instant petition is time-barred, because it was filed more than a year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" as set forth in § 2254(d)(1)(A).

An exception to the time limitation of § 2244(d) may be found in the doctrine of equitable tolling. The Eleventh Circuit Court of Appeals has recognized that the limitations period under § 2244(d)(1) may be equitably tolled "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999). The court went on to note that equitable tolling is an "extraordinary remedy" and cautioned that it

is to be "applied sparingly." *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (citing *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990)). Other circuits likewise have restricted the use of equitable tolling to instances that are "extraordinary," "rare," and "beyond the control" of the petitioner. *See Wyzykowski v. Department of Corrections,* 226 F.3d 1213, 1216, n. 1 (11th Cir.2000), and cases cited therein.

■■■ It is clear that equitable tolling is available only where "extraordinary circumstances" have prevented the timely filing and the movant has been "otherwise diligent." *Helton v. Secretary for the Department of Corrections,* 259 F.3d 1310, 1312–13 (11th Cir.2001). To establish diligence a petitioner must "present evidence showing reasonable efforts to timely file his action." *Dodd v. United States,* 365 F.3d 1273, 1282 (11th Cir.2004), *aff'd,* 545 U.S. 353, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005). Petitioner has not presented any evidence or argument that he is entitled to an equitable tolling of the statute of limitation, except that he asserts in his responses that he was ignorant of the law when he agreed to dismiss the appeal, and that seeking state-court review on direct appeal would have been "futile." (Docs. 8 and 9). He argues that because he was represented by the same lawyer on direct appeal as at trial, that lawyer could not have asserted the ineffective-assistance claims he now seeks to litigate. Petitioner concedes that he never sought to reinstate the appeal or to seek any further relief in the state courts, other than to file his Rule 32 petition.[3] The issue of diligence here, however, has nothing to do with his lawyer's ability argue ineffective-assistance claims

on direct appeal, but, rather, petitioner's failure to seek post-conviction relief within the 12–month AEDPA deadline. He is entitled to equitable tolling only if extraordinary circumstances occurred *after* his direct appeal was dismissed that prevented him from timely pursuing a post-conviction remedy. He has not pointed out any such facts. Accordingly, the petitioner has failed to demonstrate that he is entitled to any equitable tolling of the statute of limitation and his claims are time-barred.

## RECOMMENDATION

Accordingly, for the reasons stated above, the magistrate judge hereby RECOMMENDS that the petition for writ of *habeas corpus* under 28 U.S.C. § 2254 be DENIED and DISMISSED WITH PREJUDICE.

Any party may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the petitioner by mailing it to him at his most recent address.

---

**3.** Petitioner further admits that after he was resentenced he "discovered" that his counsel on appeal had "ommitted [sic] several legiti-

mate, cognizable" claims, and that he chose to raise those in a Rule 32 petition but did not seek to reinstate his appeal. (Doc. 8., p. 3).

DATED this 22nd day of November, 2011.