# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30069

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2014

Lyle W. Cayce
Clerk

EDWARD TUCK COLBERT; KENYON & KENYON L.L.P.,

Plaintiffs-Appellees,

v.

THEODORE BRENNAN,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before STEWART, Chief Judge, and GARZA and SOUTHWICK, Circuit Judges.

CARL E. STEWART, Chief Judge:

Defendant-Appellant Ted Brennan appeals the district court's judgment in favor of Plaintiffs-Appellees Edward Colbert and Kenyon & Kenyon, L.L.P on their oblique action. Because we conclude that we lack jurisdiction to consider his appeal, we DISMISS.

## FACTS AND PROCEEDINGS

There have been a number of cases in both state and federal courts addressing various disputes related to Brennan's Inc. and involving Ted

No. 13-30069

Brennan. This case concerns only one aspect of that litigation.[1] In the late 1990s, Edward Colbert, a D.C. trademark lawyer with the law firm Kenyon & Kenyon L.L.P. (collectively "Kenyon"), drafted a trademark agreement between Brennan's Inc. and Dickie Brennan. Dickie Brennan is a cousin of Brennan's Inc. owners and brothers Owen Jr., James, and Ted Brennan. However, the trademark disputes continued and Kenyon, on behalf of Brennan's Inc., filed a million dollar trademark infringement lawsuit against Dickie Brennan. *See Brennan's Inc. v. Dickie Brennan & Co., Inc.*, 376 F.3d 356, 360–61 (5th Cir. 2004). In the end, Brennan's Inc. was unsuccessful on the trademark infringement claim but recovered $250,000 on a contract claim. *See Brennan's Inc. v. Colbert (Brennan's I)*, 85 So. 3d 787, 789 (La. App. 4 Cir. 2/29/12). Kenyon billed Brennan's Inc. over $2,000,000 in legal fees in connection with this litigation. *See id.*

In 2005, Brennan's Inc. brought a malpractice claim against Kenyon in state court. Kenyon counterclaimed with a reconventional demand for the unpaid legal fees and costs, naming Brennan's Inc. and each of the Brennan brothers individually as defendants. Brennan's Inc. did not prevail on its malpractice claim. The state court granted summary judgment in favor of the Brennan brothers individually, rejecting Kenyon's attempt to pierce the corporate veil and impose personal liability. *See id.* at 789–90. However, Kenyon obtained a judgment against Brennan's Inc. ordering it to pay the outstanding attorney's fees and costs plus interest. *See id.* This case is pending before the Louisiana Court of Appeals for the Fourth Circuit, see *Brennan's Inc. v. Colbert*, 125 So. 3d 537 (La. App. 4 Cir. 9/25/13), except for

---

[1] Most recently, there has been a fight amongst the Brennan brothers for control of Brennan's Inc., a dispute which forced the restaurant to close on June 28, 2013. This dispute was the subject of a separate appeal, irrelevant to the instant matter, resolved in favor of Ted Brennan. *See Brennan v. Brennan*, 548 F. App'x 264 (5th Cir. 2013) (per curiam) (unpublished).

the summary judgment determination, which was affirmed on appeal, see *Brennan's I*, 85 So. 3d at 792. Brennan's Inc. did not post a suspensive appeal bond and as a result Kenyon sought to execute on the two judgments.

On January 18, 2012, Kenyon filed this lawsuit—a revocatory action[2] and oblique action[3]—against Ted Brennan and Brennan's Inc. (collectively "Defendants"), to collect on the judgment against Brennan's Inc.[4] Kenyon alleged that it discovered during a judgment debtor exam conducted in September 2011 that Brennan's Inc. had loaned Ted Brennan over $2,000,000 and had not attempted to collect on that loan. Defendants moved for summary judgment twice on different grounds. The district court denied both motions.

As a result of Defendants chronic failure to comply with written discovery requests, subpoenas, and deposition notices, Kenyon filed numerous motions seeking to compel Defendants' compliance, including multiple motions for contempt. Defendants also failed to comply with at least five court orders compelling Defendants' compliance with discovery. These discovery requests were largely related to obtaining documents and depositions relevant to determine Brennan's Inc.'s financial status and the status of the loans made to Ted Brennan—information necessary to sustain an oblique action.

---

[2] In its complaint, Kenyon sought a revocatory action as an alternative to an oblique action. However, Kenyon later explained to the district court that they no longer wish to pursue such an action and it was dismissed from the case.

[3] An oblique action is brought pursuant to Louisiana Civil Code Article 2044, which provides:

> If an obligor causes or increases his insolvency by failing to exercise a right, the obligee may exercise it himself, unless the right is strictly personal to the obligor.
>
> For that purpose, the obligee must join in the suit his obligor and the third person against whom that right is asserted.

La. Civ. Code Ann. art. 2044.

[4] At the time of the district court judgment, Brennan's Inc. owed Kenyon a total of $4,070,135.84.

No. 13-30069

As a result of Defendants "repeated and willful failure to comply with their discovery obligations," the district court imposed sanctions on Defendants. First, the district court declared that Kenyon had set forth a prima facie case establishing each of the five elements of an oblique action. Second, because of their repeated failures to appear for depositions in blatant violation of the district court's orders both Ted Brennan and June Wiley were prohibited from testifying for Defendants.[5] Third, the district court limited what evidence Defendants could introduce, allowing only documents produced by Defendants during discovery into the record. Finally, the district court awarded attorney's fees and costs to Kenyon for their work on four motions related to the discovery abuses.

After a bench trial, in which only Colbert testified, the district court entered judgment in favor of Kenyon on December 18, 2012. The judgment allowed Kenyon to assert Brennan Inc.'s rights to seek payment of debts owed to it by Ted Brennan in the amount of $4,322,840.27 plus legal interest and to collect in the amount of $4,070,135.84 plus legal interest not to exceed the amount due and owing under the state court judgments. Ted Brennan[6] now appeals various decisions by the district court.

After the filing of this appeal, several events transpired that are relevant to our decision. Ted Brennan filed a motion to voluntarily dismiss his appeal on March 7, 2013. The clerk of this court granted that motion. On May 9, 2013, nearly five months after the judgment had been entered, Ted Brennan filed a motion to vacate the prior order of dismissal and reinstate his appeal. He argued that he had only dismissed his appeal pursuant to a settlement

---

[5] Plaintiffs later consented to both witnesses testifying. However, neither witness appeared at trial despite subpoenas.

[6] Brennan's Inc. was originally a party to this appeal but failed to comply with Fifth Circuit Rule 42.3; therefore, on July 31, 2013, Brennan's Inc.'s appeal was dismissed. Brennan's Inc. is no longer a party to this case.

agreement requiring the dismissal and the agreement had broken down.   He sought to reinstate his appeal to "restore the status quo."  He asserted that this court had discretion to reinstate the appeal upon a showing of good cause.   A single judge of this court granted that motion.   *See* 5th Cir. R. 27.2.1, 27.1.6. Shortly thereafter, Brennan's Claims, L.L.C. ("Claims") sought to substitute as Appellees.  Kenyon had assigned all of their interest in their judgments against Defendants to Claims.   We ordered that the motion be carried with the case. When Claims sought to have this court reconsider that decision or to allow them to intervene, we allowed Claims to intervene and denied reconsideration of the decision to carry the motion to substitute with the case.

## DISCUSSION

Both Kenyon and Claims challenge our jurisdiction to hear this appeal. Kenyon and Claims argue that because there is no operative timely filed notice of appeal, this court does not have jurisdiction.  They argue that the voluntary dismissal of Ted Brennan's appeal voided the original notice of appeal and no timely notice, in accordance with Federal Rule of Appellate Procedure 4(a), could be filed when Ted Brennan moved to reinstate his appeal.  Therefore, without a valid notice of appeal this court has no jurisdiction.  There are three arguments in favor of this court having jurisdiction: (1) the case was not properly dismissed pursuant to the Federal Rules of Appellate Procedure, and therefore, the original notice of appeal is effective and the appeal is properly before this court; (2) the requirements in Fed. R. App. P. 4(a)(1)(A) are mandatory but not jurisdictional; and (3) the single judge of this court had the authority to reinstate the appeal.  For the reasons discussed *infra*, each of these arguments is unavailing.  We lack jurisdiction to consider Ted Brennan's appeal.

We conclude that Ted Brennan properly dismissed his appeal.   He voluntarily sought dismissal of his appeal pursuant to an *unopposed motion* in

which he stated that the case should be dismissed "with prejudice, never again to be reinstated, all parties to bear their own costs." An appeal may be dismissed on an appellant's unopposed motion if the parties agree about costs. Fed. R. App. P. 42(b) ("An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court."); *see also Noatex Corp. v. King Constr. of Hous., LLC*, 732 F.3d 479, 487 (5th Cir. 2013) ("We have broad discretion to grant voluntary motions to dismiss. Such motions are generally granted . . . ." (internal quotation marks and citations omitted)); *Margulin v. CHS Acquisition Corp.*, 889 F.2d 122, 123–24 (7th Cir. 1989) ("Thus there are three ways to dismiss the appeal voluntarily: by signed stipulation of the parties, on the appellant's motion if the parties agree about costs, or on the appellant's motion with costs 'fixed by the court.'" (quoting Fed. R. App. P. 42(b))); 16AA Charles Wright & Arthur R. Miller, Federal Practice and Procedure § 3988 (4th ed. 2013) ("The appeal may also be dismissed on motion of the appellant on terms agreed to by the parties or fixed by the court."). Contrary to Brennan's arguments, his motion to voluntarily dismiss his appeal complied with our procedures set forth in both Fed. R. App. P. 42(b) and Fifth Circuit Rule 42.1. *See* Fed. R. App. P. 42(b); 5th Cir. R. 42.1 (requiring dismissal "where the appellant or petitioner files an unopposed motion to withdraw"). The clerk of this court, pursuant to our rules, properly granted the motion and dismissed the appeal on March 8, 2013. *See* 5th Cir. R. 42.1.

We have previously held that a party's voluntary dismissal of an appeal not yet docketed effectively voids any filed notice of appeal. *Williams v. United States*, 553 F.2d 420, 422 (5th Cir. 1977) ("In our view, [the voluntary dismissal] placed them in the same position as if they had never filed a notice of appeal in the first place."). Further, we held that such an appeal cannot be revived after the expiration of the original appeal period. *Id.* Several of our

sister circuits have cited *Williams* with approval. *See United States v. Sylvester*, 258 F. App'x 411, 412 (3d Cir. 2007) (unpublished); *United States v. Arevalo*, 408 F.3d 1233, 1236–39 (9th Cir. 2005); *Barrow v. Falck*, 977 F.2d 1100, 1103 (7th Cir. 1992); *see also United States v. Outen*, 286 F.3d 622, 631 n.5 (2d Cir. 2002) (citing with approval language from *Barrow*, 977 F.2d at 1103, that "a notice of appeal filed and dismissed voluntarily is gone, no more effective in conferring jurisdiction on a court than a notice never filed"); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 312 (6th Cir. 2000) (quoting language from *Barrow*, 977 F.2d at 1103, which in turn cited *Williams* in support of its holding); 16A Charles Wright & Arthur R. Miller, Federal Practice and Procedure Jurisdiction § 3950.1 (4th ed. 2013).

According to our case law and the Supreme Court, the time limitation at issue in this case is both mandatory and jurisdictional. *United States v. Barrera*, 347 F. App'x 51, 52 (5th Cir. 2009) (per curiam) (unpublished) ("A timely notice of appeal in a civil case is '*mandatory and jurisdictional*.'" (quoting *Bowles v. Russell*, 551 U.S. 205, 213 (2007) (emphasis added)). Important to the Supreme Court decision in *Bowles* was the fact that the time limitation at issue was statutory, enacted by Congress.[7] *Bowles*, 551 U.S. at 209–13; *see also* 28 U.S.C. § 2107. Because this is a jurisdictional issue, it cannot be waived or forfeited. *Bowles*, 551 U.S. at 213. Additionally, no equitable exception can overcome this jurisdictional defect. *Id.* at 214

---

[7] At issue in *Bowles* was the time allowed to move to reopen the period during which a notice of appeal could be filed, which was provided by Rule 4(a)(6) and 28 U.S.C. § 2107(c). An argument can be made that *Bowles* is limited to this specific subsection of Rule 4(a). However, we have already stated that the deadlines to appeal in Rule 4(a) are jurisdictional statutory requirements under 28 U.S.C. § 2107. *See Perez v. Stephens*, Nos. 13-70002 & 13-70006, 2014 WL 739985 at *3–4 (5th Cir. Feb. 26, 2014) (recognizing that "*Bowles* unequivocally states that 'the timely filing of a notice of appeal in a civil case is a jurisdictional requirement'"(quoting *Bowles*, 551 U.S. at 214)). In any event, the time limitation at issue here from Rule 4(a)(1)(A) is also provided for by statute, see 28 U.S.C. § 2107(a), and therefore, there is no question that *Bowles* controls and the time requirement is both mandatory and jurisdictional.

No. 13-30069

("Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate."); *see also Barrera*, 347 F. App'x at 52; *Perez*, Nos. 13-70002 & 13-70006, 2014 WL 739985 at \*4.

In this case, Brennan voluntarily dismissed his appeal, placing himself in the same position as someone who had never filed an appeal. [8] *See Williams*, 553 F.2d at 422. Brennan moved this court to reinstate his appeal five months after the judgment and two months after dismissing his appeal—well outside of the time limit set by Fed. R. App. P. 4(a)(1)(A) for civil appeals. *See* Fed. R. App. P. 4(a) (providing that a notice of appeal in most civil case must be filed within 30 days of the entry of judgment and allowing the *district court* to extend this time or reopen the time for appeal in certain circumstances). Therefore, his motion to reinstate was ineffective and there is no operative timely filed notice of appeal. *See Barrow*, 977 F.2d at 1103 ("A motion to reinstate should be treated as a fresh notice of appeal, effective if time remains under [Fed R. App.] 4 and ineffective otherwise."). Without such a timely filed notice of appeal, we lack jurisdiction.

The fact that a single judge of this court reinstated the previously docketed appeal does not change our analysis in this particular context. *See Williams*, 553 F.2d at 422 n.4 (concluding that the prior reinstatement of the appeal by a panel of this court was not binding on the merits of the jurisdictional issue).[9] The voluntary dismissal of Ted Brennan's appeal voided

---

[8] Because the appeal in *Williams* was not yet docketed, the motion to dismiss was filed with the district court not with this court as Brennan did here. *See* Fed. R. App. P. 4(a). We conclude that this distinction between the facts of *Williams* and this case is immaterial. Our decision in *Williams* turned on the absence of a notice of appeal, not the timing of the motion to dismiss that notice.

[9] Notably, the reinstatement in this case was made contrary to our normal practice. Our internal operating procedures state that "the court normally will not reinstate a case dismissed by the clerk unless the deficiency which caused the dismissal has been remedied; and the motion for reinstatement is made as soon as reasonably possible and in any event

his notice of appeal. He failed to file a new notice of appeal within the time limits required by Rule 4(a) or to seek relief in the district court as provided by Rule 4(a). The reinstatement of his appeal by a single judge of this court was not decisive of this specific jurisdictional issue.[10] *See id.*

Prior to the Supreme Court's decision in *Bowles*, there may have been equitable exceptions available to this rule. *See, e.g., Futernick*, 207 F.3d at 311; *Webb v. Clyde L. Choate Mental Health & Dev. Ctr.*, 230 F.3d 991, 996–97 (7th Cir. 2000). We can no longer make such exceptions in light of *Bowles*. *See Bowles*, 551 U.S. at 214; *see also Perez*, Nos. 13-70002 & 13-70006, 2014 WL 739985, at *4; *United States ex rel. Haight v. Catholic Healthcare West*, 602 F.3d 949, 954–56 (9th Cir. 2010). Even if exceptions could be made, this case does not present such a circumstance. Brennan voluntarily chose to dismiss his appeal, relying on only a possible and conditional settlement agreement. If we were to find an exception in this case it would circumvent the entire purpose of Rule 4(a) and permit appellants to appeal and voluntarily dismiss appeals for as long as they wish. *See Futernick*, 207 F.3d at 311 ("If appellants were permitted to dismiss voluntarily a timely appeal and then reopen the appeal at their pleasure, there is no limit to the amount of time that could pass before a final judgment is reviewed.").

---

within 45 days of dismissal." 5th Cir. R. 27 I.O.P. Appellant's motion to reinstate was made well over 45 days after dismissal and no deficiency caused the dismissal that could be remedied because it was dismissed voluntarily.

[10] In an earlier non-precedential decision, we held that because "defendants have not shown that the court's reinstatement decision was improper," we had jurisdiction to hear an appeal previously dismissed for want of prosecution when such defect was cured and a motion to reinstate filed within 45 days of the dismissal. *Russell v. Ivans*, No. 07-60310, 2008 WL 4584776, at *1 (5th Cir. Oct. 15, 2008) (per curiam) (unpublished). We are not bound by this decision because it is not precedent, see 5th Cir. R. 47.5.4, and it is readily distinguishable from the facts of this case. Here, the case was *voluntarily* dismissed, not dismissed because of any deficiency. Our decision today is premised on our binding precedent from *Williams*, which applies to appeals dismissed voluntarily. 553 F.2d at 422. Further, unlike *Russell*, the reinstatement decision in this case was made contrary to our normal practice, see *supra* n.9.

No. 13-30069

## CONCLUSION

For the aforementioned reasons, we agree with Kenyon and Claims that we lack jurisdiction to hear this appeal; therefore, we DISMISS Ted Brennan's appeal.[11]

---

[11] Brennan's Inc. entered bankruptcy and the Chapter 7 Trustee for that estate sought to substitute for Appellees. We initially denied this motion and the Trustee filed a motion to reconsider, which we carried with the case. Because we ultimately conclude that we have no jurisdiction to hear this appeal, we deny both of the motions carried with the case—the Trustee's motion and Claims' motion—as moot.