**ZHI YU LI, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

**No. 13–60478**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 20, 2014.

Zhi Yu Li, Woodstock, GA, pro se.

Rachel Louise Browning, Trial Attorney, Tangerlia Cox, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM: *

Petitioner Zhi Yu Li, a native and citizen of China, has filed a petition for review of (a) the January 26, 2012, order of the Board of Immigration Appeals (BIA) dismissing the appeal of the denial by an immigration judge (IJ) of Li's claims for asylum, withholding of removal, relief under the Convention Against Torture (CAT), and voluntary departure, and (b) the June 10, 2013, order of the BIA dismissing the appeal of a subsequent order by the IJ, on remand from the BIA, that denied Li's request for a continuance. The remand had been ordered because the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

IJ had failed to address Li's request for "repapering," which is the conversion of deportation proceedings, such as Li's, to removal proceedings. Li filed his petition for review on July 9, 2013.

The BIA's January 26, 2012, order was a final order of removal. *See* 8 U.S.C. § 1101(a)(47)(A); *Stone v. INS,* 514 U.S. 386, 390, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Youssefinia v. INS,* 784 F.2d 1254, 1258 (5th Cir.1986). A petition for review of that order had to be filed no later than 30 days after the date of issuance. 8 U.S.C. § 1252(b)(1). That time limit is "mandatory and jurisdictional." *Henderson ex rel. Henderson v. Shinseki,* — U.S. —, —, 131 S.Ct. 1197, 1204, 179 L.Ed.2d 159 (2011) (internal quotation marks and citation omitted).

Li's petition for review of the BIA's January 26, 2012, order was not filed until well after the 30–day period for seeking review had elapsed. The petition was therefore untimely. *See* § 1252(b)(1). Li's failure to file a petition for review within the 30–day period created a "jurisdictional defect" that no "equitable exception can overcome." *Colbert v. Brennan,* 752 F.3d 412, 2014 WL 1876519, *4 (5th Cir.2014). Li cites no statutory exception to the deadline and offers no basis on which we could conclude that the remand to seek repapering—possibly to obtain cancellation of removal from the Attorney General, *see* 8 U.S.C. § 229b(b)(1)—somehow rendered the BIA's January 26, 2012, order nonfinal. *See Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993). As the petition for review of the January 26, 2012, order is untimely, we lack jurisdiction to entertain it. *See Henderson ex rel. Henderson,* 131 S.Ct. at 1204; *Karimian–Kaklaki v. INS,* 997 F.2d 108, 113 (5th Cir.1993).

We do, however, have jurisdiction over Li's timely petition for review of the BIA's June 10, 2013, order pertaining to the IJ's denial of a continuance. *See* § 1252(b)(1); *Ahmed v. Gonzales,* 447 F.3d 433, 436–37 (5th Cir.2006). If, as in this case, the BIA affirms for reasons given by the IJ, we review the IJ's decision as well as the BIA's. *See Ahmed,* 447 F.3d at 437. We do not disturb a denial of a continuance unless there has been an abuse of discretion. *Cabral v. Holder,* 632 F.3d 886, 889–90 & n. 2 (5th Cir.2011). As Li does not address whether there was an abuse of discretion in denying the continuance, the BIA's ruling in that regard stands undisturbed. *See Yohey,* 985 F.2d at 224–25.

APPEAL DISMISSED IN PART AND AFFIRMED IN PART.