# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30677
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2020

Lyle W. Cayce
Clerk

GARY DANIEL RODGERS,

      Plaintiff - Appellant

v.

R. MCINTYRE, Deputy; JAMAL PERRIER, Deputy; J. BOUDOIN, Deputy;
NEWELL NORMAND, Sheriff,

      Defendants - Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-2642

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Gerry Daniel Rodgers appeals from the dismissal of his 42 U.S.C. § 1983 lawsuit. The district court entered final judgment in favor of defendants on February 17, 2017. Rodgers's deadline to file a notice of appeal was therefore March 20, 2017. *See* 28 U.S.C. § 2107(a); FED. R. APP. P. 4(a)(1)(A). It was not filed until September 26, 2017.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30677

Timely filing of a notice of appeal "is both mandatory and jurisdictional." *Colbert v. Brennan*, 752 F.3d 412, 416 (5th Cir. 2014). Without a timely notice, we lack jurisdiction over the appeal. Even though the Federal Rules direct that "[a]n appeal . . . may be taken only by filing a notice of appeal with the district clerk," FED. R. APP. P. 3(a)(1), our Circuit has allowed "the timely filing of a document[] which is the equivalent of a notice of appeal" to suffice, *Stevens v. Heard*, 674 F.2d 320, 322 (5th Cir. 1982).

At a minimum, a notice of appeal must (1) specify the party taking the appeal; (2) identify the judgment being appealed; and (3) "name the court to which the appeal is taken." FED. R. APP. P. 3(c)(1). We are to "liberally construe" these requirements, but "[t]his principle of liberal construction does not . . . excuse noncompliance with the letter" of the Rule. *Smith v. Barry*, 502 U.S. 244, 248 (1992).

Here, the only document that could arguably serve as the equivalent of a timely notice of appeal is Rodgers's "Motion and Order to Release Evidence," filed on March 6, 2017. That motion names Rodgers as the moving party, but does not identify the judgment from which he intended to appeal, or the court to which he planned on taking the appeal. It is not enough to satisfy "only one of the three requirements of a notice of appeal." *Bailey v. Cain*, 609 F.3d 763, 766 (5th Cir. 2010). The Motion and Order to Release Evidence therefore did not serve as a timely notice, and we lack jurisdiction to hear Rodgers's appeal. Accordingly, the appeal is DISMISSED.